**UNITED STATES ex rel. WAMPLER v. HILL, Warden.***

No. 50.

District Court, M. D. Pennsylvania.

Oct. 11, 1934.

*Judgment affirmed — F.(2d) —.

Bernard J. Flynn, U. S. Atty., and Cornelius Mundy, Sp. Atty., Department of Justice, both of Baltimore, Md., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for the United States.

William E. Leahy, William J. Hughes, Jr., Joseph C. Turco, and Frank DeNunzio, all of Washington, D. C., for petitioner.

JOHNSON, District Judge.

Petitioner was indicted, tried, and convicted in the District Court of the United States for the District of Maryland for violation of the federal income tax law, 26 USCA § 2146. The indictment charged that the petitioner, whose legal residence and principal place of business were in the District of Columbia and within the internal revenue collection district of Maryland, did attempt to evade the payment of taxes by filing a false and fraudulent income tax return with the collector of internal revenue at Baltimore.

In pursuance of congressional authority codified as 26 USCA § 12, a presidential proclamation was promulgated which established the District of Columbia as part of the revenue collection district of Maryland. The office of the collector is located at Baltimore, Md. The Income Tax Law, 26 USCA § 2053 (b), provides that: "Returns (other than corporation returns) shall be made to the collector for the district in which is located the

legal residence or principal place of business of the person making the return. * * * "

The petitioner prepared his income tax return at Washington, D. C., and placed it in the United States mail at that place for delivery to Baltimore.

The petitioner contends that, since the return was prepared and mailed at Washington, the offense was committed within the District of Columbia, and that the District Court of Maryland was without jurisdiction. The respondent contends that, under 26 USCA § 2053 (b), supra, "returns * * * shall be made to the collector for the district in which is located the legal residence or principal place of business of the person making the return * * * "; that, by presidential proclamation, made in pursuance of an act of Congress, the District of Columbia was made a part of the revenue collection district of Maryland; that, since the petitioner had his principal place of business in the District of Columbia, he was required to file his income tax return with the collector at Baltimore, and the offense of filing a false return was committed in the jurisdiction where the return must be made, to wit, Baltimore, Md. In answer, the petitioner contends that the effect of respondent's contention would result in holding the above-mentioned presidential proclamation unconstitutional, in that the proclamation was a futile attempt to create a new judicial district, which Congress alone had power to make.

■ Petitioner's first contention is answered by the Court of Appeals of the District of Columbia in Wampler v. Snyder, Marshal, 62 App. D. C. 215, 66 F.(2d) 195, a habeas corpus proceeding by the petitioner herein. The court there held that the District Court of Maryland had jurisdiction to hear the offense for which the petitioner now stands convicted. The court further held that the filing of the income tax return takes place upon delivery at the office of the official required to receive it and not in the jurisdiction where it was mailed. United States v. Lombardo, 241 U. S. 73, 36 S. Ct. 508, 60 L. Ed. 897. There was no error in this decision of the Court of Appeals of the District of Columbia.

■ As to the petitioner's second contention, we think that the President did not attempt to change the jurisdiction of the federal court of Maryland by virtue of the presidential proclamation above referred to, nor do we think that Congress, by the Act of Feb. 27, 1877, as amended (26 USCA § 12), illegally delegated to the President power to establish collection districts. Congress may in such case delegate to others powers which it may rightfully exercise itself. Waymann v. Southard, 10 Wheat. 1, at pages 42, 43, 6 L. Ed. 253; Hampton, Jr. & Co. v. United States, 276 U. S. 394, 48 S. Ct. 348, 72 L. Ed. 624; Norwegian Nitrogen Products Co. v. United States, 289 U. S. 294, 53 S. Ct. 350, 77 L. Ed. 796.

And now October 11, 1934, upon due consideration, the motion to dismiss is sustained, and it is ordered that the writ of habeas corpus be, and the same is hereby, dismissed.