## UNITED STATES ex rel. WAMPLER v. HILL, Warden.

### No. 5679.

Circuit Court of Appeals, Third Circuit.

Dec. 18, 1934.

Joseph C. Turco, Wm. J. Hughes, Jr., William E. Leahy, and Frank De Nunzio, all of Washington, D. C., for appellant.

Bernard J. Flynn and Cornelius Mundy, both of Baltimore, Md., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

The facts of the case are that Wampler, the appellant, was a resident of the District of Columbia. He prepared his income tax return and deposited it in the United States mail in Washington, addressed to the internal revenue collector at Baltimore, Md., of which revenue collection district the District of Columbia was made a part by proclamation of the President in 1883. Thereafter, Wampler was arrested in the District of Columbia for making a false income return, and an application was made to remove him to Baltimore for trial in the United States District Court of Maryland. He was ordered so removed by the United States Commissioner. He resisted removal on the ground that he had never filed a return in the state of Maryland; that he had committed no crime in the state of Maryland; that the action of the President in making the District of Columbia part of the collection district of Maryland was illegal; and that the District Court of Maryland had no jurisdiction to try him. His contentions were heard by the Supreme Court of the District of Columbia and his petition dismissed, which action was sustained by the Court of Appeals of the District of Columbia in an opinion reported in Wampler v. Snyder, 62 App. D. C. 215, 66 F.(2d) 195, and he was ordered to be removed. Subsequently he was indicted, tried, and convicted in the United States District Court of Maryland, and sentenced to the federal prison at Lewisburg, Pa., which sentence has not expired. In the District Court of Maryland he raised the same questions as above stated. These were overruled, and no appeal taken. The judge

in the court below held that the petitioner was seeking by his writ of habeas corpus to review the action of the District of Columbia Court in removing him, and the District Court of Maryland in trying him, and that the writ of habeas corpus could not be used for that purpose. We agree with that holding.

However, the petitioner now avers that inasmuch as he claims the District Court of Maryland was without jurisdiction in the premises, the writ of habeas corpus might be used to procure his release.

The question of the jurisdiction of the District Court of Maryland over offenses committed in the District of Columbia came before the Circuit Court of Appeals of the Fourth Circuit in the case of Bowles v. United States, 73 F.(2d) 772, in which the legality of the President's order in making the District of Columbia a part of the collection district of Maryland was sustained. Finding ourselves in accord with that holding, we affirm the action of the court below in dismissing the writ of habeas corpus.

We may add that by our so holding, and the prompt return of the mandate, the action of the District Judge in admitting the petitioner to bail becomes moot, and we are not called upon to pass upon the question whether he had power to make such order.