**WAMPLER v. SNYDER, Marshal.**
**No. 5927.**

Court of Appeals of the District of Columbia.
Argued May 12, 1933.
Decided June 5, 1933.

196

William E. Leahy, of Washington, D. C., for appellant.

Leo A. Rover, Charles B. Murray, and John H. McEvers, all of Washington, D. C., and Simon E. Sobeloff, of Baltimore, Md., for appellee.

Before MARTIN, Chief Justice, and VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

Petitioner was indicted in the District Court of the United States for the District of Maryland for violation of section 2146 (b) of title 26 of the United States Code Annotated (Act May 29, 1928, c. 852, § 146 (b), 45 Stat. 835). The indictment charged an attempt to evade the payment of taxes by the filing of a false income tax return with the Collector of Internal Revenue at Baltimore. Petitioner's legal residence is in the city of Washington in the District of Columbia.

Under authority of section 12, title 26, USCA, the President has created the Maryland tax collection district to include the state of Maryland and the District of Columbia, and the office of the collector is located in Baltimore. The District Court in Maryland issued a bench warrant for petitioner's arrest, and he was brought before a United States Commissioner of the District of Columbia on a warrant of removal. There was a hearing before the Commissioner, at the conclusion of which petitioner's removal for trial to the city of Baltimore was ordered. Petitioner thereupon sued out before the Supreme Court of the District of Columbia a petition for a writ of habeas corpus, and upon hearing, the petition was dismissed. An appeal was taken to this court.

A motion has been made to dismiss or affirm. The basis of the motion is that the appeal was taken for delay only, and that the questions raised are manifestly frivolous. We granted a hearing in open court, and the points involved were fully discussed by counsel for petitioner and the appellee.

We think the action of the lower court in dismissing the petition for habeas corpus and in remanding petitioner to the Marshal for removal to Baltimore was in all respects correct.

The grounds urged by petitioner against removal are, first, that the District Court in Maryland is without jurisdiction because it was shown and admitted that petitioner placed his income tax return in the United States mail in Washington for delivery in Baltimore, and from this it is argued that the offense, if any, was committed in the District of Columbia. We think the contention is without merit.

The act (section 53 [26 USCA § 2053]) provides that the income tax return "shall be made" to the collector for the district in which is the legal residence of the taxpayer. The office of the collector, as we have seen, is in the city of Baltimore in the state of Maryland. It is there and nowhere else that the return "shall be made," and the mere placing of the return in the mail in Washington city is not a compliance with the statute. The words "shall be made," as used in the statute, are the equivalent of "shall be filed," and to file a paper is to deliver it at the place where it is to be lodged and kept. When the mails are utilized for this purpose, the filing takes places upon delivery at the office of the official required to receive it. See United States v. Lombardo (D. C.) 228 F. 980, 982, and cases cited, affirmed 241 U. S. 73, 36 S. Ct. 508, 60 L. Ed. 897.

Second. Petitioner contends that at the hearing before the Commissioner he was not allowed to offer evidence to show lack of probable cause. We have examined the transcript of evidence certified to us on the appeal, and we think that this point too is without merit. The evidence tending to show lack of probable cause which petitioner offered was evidence tending to show petitioner's good faith and honesty in the compilation of his income tax return. In this case the Commissioner heard the evidence of petitioner, of his stenographer, and of the accountant who prepared his tax return. There was no denial that the return was filed, but the effort was to show that petitioner was not guilty of wrongdoing. Additional evidence would have been merely cumulative, but it was not for the Commissioner to weigh the evidence. He does not function as a trial court. It is for the District Court in which the indictment is found to try the issue made between the accused and the government. In a removal proceeding, the government is not required to do more than show reasonable ground to believe the accused guilty, and this was supplied by the indictment and the identification of petitioner as the person charged therein. Disputed questions of fact, especially where they involve the question of intent, as in this case, should never be considered on the question of proba-

ble cause. Such matters, and all similar complicated matters of law and fact, are for the determination of the trial court. See Henry v. Henkel, 235 U. S. 219, 229, 35 S. Ct. 54, 59 L. Ed. 203; Rodman v. Pothier, 264 U. S. 399, 402, 44 S. Ct. 360, 68 L. Ed. 759.

Besides, this is a petition for habeas corpus. "That writ as has been said very often cannot take the place of a writ of error. It is not a means for rehearing what the magistrate [commissioner] already has decided. The alleged fugitive from justice has had his hearing and habeas corpus is available only to inquire whether the magistrate had jurisdiction, whether the offense charged is within the treaty and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty." Fernandez v. Phillips, 268 U. S. 311, 312, 45 S. Ct. 541, 542, 69 L. Ed. 970. The case in which the above-quoted language was used was a proceeding for removal to a foreign country. In Beavers v. Henkel, 194 U. S. 73, 24 S. Ct. 605, 48 L. Ed. 882, it is suggested that there are stronger reasons for caution in surrendering an alleged criminal to a foreign nation than are required before removing a citizen from one part of the United States to another.

Since we have afforded petitioner an opportunity to be fully heard on the entire record and have satisfied ourselves that our conclusion must be to affirm the dismissal of the petition for habeas corpus, no good would result in declining to act finally upon the case on the present motion.

Petitioner, who is a prominent member of the bar of the District of Columbia, should welcome the opportunity for an immediate trial, and, since the distance between Washington and Baltimore involves no serious expense or inconvenience, there exists no element in the case of hardship sometimes found in removal cases.

We therefore in all respects affirm the action of the lower court.

Affirmed.