## BOWLES v. UNITED STATES.

### No. 3733.

Circuit Court of Appeals, Fourth Circuit.

Nov. 19, 1934.

Norman S. Bowles, in pro. per.

Bernard J. Flynn, U. S. Atty., of Baltimore, Md., and Cornelius Mundy, Sp. Asst. to Atty. Gen., for the United States.

Before PARKER and NORTHCOTT, Circuit Judges, and WATKINS, District Judge.

NORTHCOTT, Circuit Judge.

The appellant, hereinafter referred to as the defendant, was convicted in the District Court of the United States for the District of Maryland in May, 1934, on the charge of violating the income tax law of the United States. The indictment against the defendant contained four counts; the first charging willful failure to make an income tax return for the year 1930; the second count charging the defendant with feloniously attempting to evade the payment of his income tax for the year 1930 by means of failing to make a return; the third and fourth counts charging a willful attempt to defeat and evade a payment of income tax for the year 1931, by means of filing a false and fraudulent return for that year. The judgment of the court, upon the verdict of guilty returned by the jury, was a fine of $1,000 and costs, on the first count; fine of $1,000, and costs and sentence of imprisonment for three years in the penitentiary on the second count; and fine of $1,000 and costs, on the third count. No sentence was given on the fourth count. The fines were cumulative.

The prosecution was based upon USCA, tit. 26, § 2146, which provides:

"(a) Any person required under this title to pay any tax, or required by law or regulations made under authority thereof to make a return, keep any records, or supply any information, for the purposes of the computation, assessment, or collection of any tax imposed by this title, who willfully fails to pay such tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than one year, or both, together with the costs of prosecution.

"(b) Any person required under this title to collect, account for, and pay over any tax imposed by this title, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution.

A number of questions are raised on this appeal, the first being on a plea entered by the defendant to the jurisdiction of the trial court. The defendant was a resident of the District of Columbia, and the government conceded that he was not personally in the state of Maryland at any time with relation to the counts of the indictment charging offenses with regard to his income tax for the year 1930, and that the income tax return prepared and filed by the defendant for the year 1931 was filed by him with the person in charge of the local or branch office of the Collector situated in the city of Washington and was in due course transmitted to the principal office of the Collector at Baltimore.

In pursuance of Congressional authority, codified as USCA, tit. 26, § 12, the President was empowered to establish "convenient collection districts." That act provides as follows:

"For the purpose of assessing, levying, and collecting the taxes provided by the internal revenue laws, the President may establish convenient collection districts, and for that purpose he may subdivide any State, Territory, or the District of Columbia, or may unite two or more States or Territories into one district, and may from time to time alter said districts. The whole number of collection districts for the collection of internal revenue shall not exceed sixty-five."

In pursuance of this act, a Presidential Proclamation was promulgated by President Arthur under date of June 25, 1883, which established the District of Columbia as part of the Revenue Collection District of Maryland. The pertinent part of the Proclamation provides:

"I, Chester A. Arthur, President of the United States, by virtue of the authority vested in me by Sections 3141 and 3142 Revised Statutes, approved June 22, 1874, hereby order that the Internal Revenue Collection Districts within the United States hereinafter named be altered and united as follows: and Collectors are designated for the new districts as hereinafter set forth.

"This order to take effect, July 1st, 1883, or as soon thereafter as practicable.

"Maryland

"The Counties of Allegany, Carroll, Frederick, Garrett and Washington of the present Fourth District of Maryland are hereby consolidated with the counties of Baltimore (including the City of Baltimore), Harford, Calvert, Anne Arundel, Charles, Howard, Montgomery, Prince George's and St. Mary's, and the District of Columbia of the present Third District of Maryland, the consolidated district to be known as the District of Maryland, and John Henry Sellman is hereby designated as Collector of the consolidated district."

It was early settled that such a delegation of authority by Congress was constitutional. In Wayman v. Southard, 10 Wheat. 1, 42, 6 L. Ed. 253, Chief Justice Marshall said:

"It will not be contended, that congress can delegate to the courts, or to any other tribunals, powers which are strictly and exclusively legislative. But congress may certainly delegate to others, powers which the legislature may rightfully exercise itself."

See, also, Wisconsin v. Illinois, 278 U. S. 367, 49 S. Ct. 163, 73 L. Ed. 426; Hampton, Jr. & Co. v. United States, 276 U. S. 394, 48 S. Ct. 348, 72 L. Ed. 624; United States v. Chemical Foundation, 272 U. S. 1, 47 S. Ct. 1, 71 L. Ed. 131; Mahler v. Eby, 264 U. S. 32, 44 S. Ct. 283, 68 L. Ed. 549; First National Bank v. Fellows ex rel. Union Trust Co., 244 U. S. 416, 37 S. Ct. 734, 61 L. Ed. 1233, L. R. A. 1918C, 283, Ann. Cas. 1918D, 1169; Mutual Film Corp. v. Ohio Industrial Commission, 236 U. S. 230, 35 S. Ct. 387, 59 L. Ed. 552; Red "C" Oil Mfg. Co. v. Board of Agriculture, 222 U. S. 380, 32 S. Ct. 152, 56 L. Ed. 240.

Under the Income Tax Law, USCA, tit. 26, § 2053(b)(1), the taxpayer is required to make his return to the Collector for the district in which is located his legal residence or principal place of business. Said section 2053(b)(1) reads as follows:

"(b) *To Whom Return Made.*—(1) *Individuals.* Returns (other than corporation returns) shall be made to the collector for the district in which is located the legal residence or principal place of business of the person making the return, or, if he has no legal residence or principal place of business in the United States, then to the collector at Baltimore, Maryland."

The defendant being a resident of the District of Columbia, it became his duty to make his income tax return to the Collector at Baltimore, Md., and failure to make such return constituted an offense within the District of Maryland. In United States v. Lombardo, 241 U. S. 73, 36 S. Ct. 508, 60 L. Ed. 897, it was held that a resident of the state of Washington was guilty of an offense in the city of Washington, District of Columbia, for failing to file with the Commissioner General of Immigration, in the District of Columbia, a statement in writing required by an Act of Congress. In Rumely v. McCarthy, 250 U. S. 283, 39 S. Ct. 483, 486, 63 L. Ed. 983, the court said:

"It is contended, indeed, that there was no probable cause to believe that the offense charged in the Washington indictment was committed within the District of Columbia, and this upon the ground that appellant was not personally present in the District at the time of the alleged offense, and that he was under no duty to make report there to the Alien Property Custodian. The commissioner, however, found as a matter of fact that the Custodian's office was in the District of Columbia, and as the finding was supported by competent evidence the District Court properly held that it was not reviewable on writ of habeas corpus. That being so, the duty imposed by the statute to make report to the Alien Property Custodian involved the duty to make such report in the District of Columbia, and failure to make it was an offense against the United States committed in that District. United States v. Lombardo, 241 U. S. 73, 76, 36 S. Ct. 508, 60 L. Ed. 897; New York C. & H. R. R. Co. v. United States, 166 F. 267, 269, 92 C. C. A. 331."

See, also, United States v. Clayton-Kennedy (D. C.) 2 F. Supp. 233; United States v. Commerford (C. C. A.) 64 F.(2d) 28.

■ The crime charged in the third and fourth counts was the filing of a false return. The offense was committed at the place where the filing took place upon delivery at the office of the Collector in Baltimore. Wampler v. Snyder, 62 App. D. C. 215, 66 F.(2d) 195.

The offenses having been committed in the state of Maryland where the Collector's office is located and where the return should be filed, it follows that the District Court of the United States for the District of Maryland had jurisdiction of the offenses charged.

■ It is contended that, the defendant being a resident of the District of Columbia, a grand jury drawn only from the citizens of the state of Maryland (excluding all qualified citizens of the District of Columbia)

was an unlawful grand jury, but as we have concluded that the offense was committed in Maryland, this contention has no merit.

On plea in abatement and motion to quash the defendant raised the question that the indictment was found without any competent evidence being presented to the grand jury. Upon this point the judge below, after taking evidence, held that there was not sufficient proof to sustain the contention. In McGregor v. United States, 134 F. 187, 192, this court held that a motion of this character was addressed to the discretion of the trial court and that a ruling thereon was not reviewable, Goff, Circuit Judge, saying that the plea "was simply an effort to revise the judgment of the grand jury, and was in fact an appeal from the jury to the court for the purpose of determining whether or not the jury acted upon sufficient proof in finding the indictment."

In Cooper v. United States, 247 F. 45, this court held to the same effect and in Simpson v. U. S., 11 F.(2d) 591, we again affirmed this holding.

See, also, Luxenberg v. U. S. (C. C. A.) 45 F.(2d) 497, and authorities there cited.

The law on this question is summarized in section 154, Zoline's Federal Criminal Law and Procedure, vol. 1, where it is said:

"The earlier authorities hold rather broadly that it is proper for the trial court to go behind the indictment and inquire into the character of the evidence upon which the grand jury acted. But the later authorities seem to hold that the power should be exercised sparingly, and only for the purpose of preventing a clear injustice."

From a study of the record, we are convinced that the motion to quash was not sustained by any proper evidence and that the action of the trial judge, even were it reviewable, was correct.

■ The point is raised that the defendant had testified before a former grand jury in the district of Maryland with regard to a charge against one Wampler and that by such appearance he was entitled to immunity from this prosecution. Upon this, evidence was heard before the judge below who properly reached the conclusion that the defendant had acquired no immunity by his appearance and testimony. The record shows that in his evidence before the grand jury the defendant had given no testimony tending to incriminate him, but that he had repeatedly exercised his constitutional privilege by refusing to answer questions on the ground that they might tend to incriminate him.

The defendant demurred to the indictment on the ground that it did not show upon its face at which term it was returned by the grand jury and presented to the court; that it was not sufficient in law to charge a crime; that it was contradictory and repugnant in its terms; and that it was faulty for duplicity. An examination of the indictment shows that it was indorsed as filed on the 5th day of March, 1934, and that it adequately and sufficiently presented the offenses with which the defendant was charged and was in no way repugnant and contradictory in its terms or faulty for duplicity. The demurrer was correctly overruled.

■ The defendant pleaded the statute of limitations claiming that the fiscal year for which the return should have been made, as charged in the first and second counts, ended December 31, 1930, and that the statute then began to run. The indictment was returned on the 5th day of March, 1934. The trial judge properly ruled that, as the time for filing returns for the year ending December 31, 1930, did not expire until March 15, 1931, the statute of limitations did not begin to run until that date, and that the indictment was returned within the three-year period fixed by the statute. In addition to this, the period of the statute of limitations with regard to income tax violations was extended to six years by the Act of June 6, 1932 (section 1108, Revenue Act, 1932 [18 USCA § 585 and note]), and this act specifically applied to all offenses the prosecution for which was not barred at the time of its enactment.

■ Defendant contends that the offenses charged in count 1 and 2 were but one offense and that sentence on the first count rendered illegal any sentence on the second count. There is no merit in this contention. It will be noted that (a) and (b) of section 2146 above quoted have the words, "shall, in addition to other penalties provided by law," clearly indicating that Congress intended to punish each step taken in violation of the statute. One could violate section (a) by failing to make a return when required to do so even though no tax were due because of exemptions. The second count charges a felony in violating provisions of section (b) in attempting to evade the payment of a tax due by failing to file a return. The first and second counts charged different offenses; the one involving the element of

intent to evade not necessary in the other and a sentence may be imposed for each offense. O'Brien v. United States (C. C. A.) 51 F.(2d) 193, certiorari denied 284 U. S. 673, 52 S. Ct. 129, 76 L. Ed. 569; United States v. Miro (C. C. A.) 60 F.(2d) 58; Oliver v. United States (C. C. A.) 54 F.(2d) 48, certiorari denied 285 U. S. 543, 52 S. Ct. 393, 76 L. Ed. 935.

"A single act may be an offense against two statutes; and, if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Ex parte Nielsen, 131 U. S. 176, 9 S. Ct. 672, 676, 33 L. Ed. 118. See, also, Gavieres v. U. S., 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489; Burton v. U. S., 202 U. S. 344, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362.

No question is raised as to the sufficiency of the evidence upon which the verdict of the jury was based and no error alleged in the conduct of the trial or the charge of the judge. The rulings of the court below upon the numerous pleas and motions were correct and the judgment is accordingly affirmed.