**UNITED STATES v. WARRING.**

**No. 22886.**

United States District Court,
D. Maryland, Criminal Division.

June 1, 1954.

4. See Atlantic Coast Line R. Co. v. Agwilines, Inc., 5 Cir., 1952, 195 F.2d 459.

George Cochran Doub, U. S. Atty., Herbert H. Hubbard, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

G. C. A. Anderson, James S. Morrow, Jr., Anderson, Barnes & Coe, Baltimore, Md., for defendant.

CHESNUT, District Judge.

On February 16, 1954 the defendant in this case was indicted by the Grand Jury for the District of Maryland for an alleged attempt to evade the payment of personal federal income taxes for the calendar year 1947, the charge being that on or about the 15th day of March 1948 at Baltimore, in the State and District of Maryland, the defendant, late of Washington, D. C., did wilfully and knowingly attempt to defeat a large part of the income tax due and owing for the calendar year 1947 by filing and causing to be filed with the Collector of Internal Revenue for the collection district of Maryland at Baltimore, a false and fraudulent income tax return, stating that his net income for the year was $25,559.96, and that the tax due thereon was $12,005.31,

whereas as he then and there well knew his net income for the year was $147,967.12, upon which the tax due was $104,087.45. The defendant has now filed a motion based on Rule 21(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., that the case be transferred from this judicial district to the United States District Court for the District of Columbia. This motion is opposed by the United States Attorney.

■ Rule 21(b) reads as follows: "*Transfer from the District or Division for Trial * * * (b) Offense Committed in Two or More Districts or Divisions.* The court upon motion of the defendant shall transfer the proceeding as to him to another district or division, if it appears from the indictment or information or from a bill of particulars that the offense was committed in more than one district or division and if the court is satisfied that in the interest of justice the proceeding should be transferred to another district or division in which the commission of the offense is charged." To warrant the transfer as requested it is clear that defendant must establish (1) that the offense was committed in two or more judicial districts; and (2) that it will be in the interest of justice to make the transfer. After hearing the arguments of counsel and consideration of their respective briefs, I have concluded that the motion should be denied for the following reasons.

On February 24, 1954 the defendant filed a motion to dismiss the indictment herein on the ground that this court did not have jurisdiction to try the case. The motion was overruled. On March 10 the defendant filed a motion for a bill of particulars before arraignment. After hearing, this motion was also overruled. Counsel for the defendant stated at the hearing that the real purpose of the motion for particulars was to put upon the record facts intended to be in support of the motion to transfer. There being in my opinion no sufficient reason for granting the motion for particulars for the purpose of enabling the defendant to prepare for pleading or for trial of the case, after hearing, the motion was denied. Thereafter on April 29 the defendant, without waiving his contention that this court had no jurisdiction of the case, filed a motion to transfer the case to the District of Columbia. In the motion the defendant has recited that he was born in the District of Columbia and has resided there continually since his birth 48 years ago, and is now a resident of the District of Columbia; that his books and records are there situated and that all of his witnesses reside in or near the District of Columbia; that his federal income tax return for the year 1947 was prepared for him by a person residing in the District of Columbia and that some or many of the witnesses for the government also reside there or near there; and that his income tax return for the year 1947 was "physically" filed in the District of Columbia and that the tax was paid there.

■ It is apparent that the defendant's fundamental contention is that this court does not have jurisdiction of the case. The motion to transfer is made without prejudice to this fundamental contention and appears to be in the nature of an alternative. It is well settled by the decisions of the Court of Appeals of this Fourth Circuit that under the applicable federal statutes this court does have jurisdiction of this case even though the defendant is and has continuously been residing in the District of Columbia and did "physically file" his income tax return with a local or branch office of the Collector of Internal Revenue for Maryland. Bowles v. United States, 4 Cir., 1934, 73 F.2d 772; Bell v. United States, 4 Cir., 1951, 185 F.2d 302; Wampler v. Snyder, 1933, 62 App.D.C. 215, 66 F.2d 195. It has been the uniform practice of the government for more than 20 years, to the personal knowledge of the Judges of this court and indeed so far as I have discovered since 1913, to prosecute residents of the District of Columbia for alleged personal individual income tax violations under title 26 U.S.C.A. § 145(b) by indictment

and trial in this court. A contention to the contrary was made and overruled by this court and by the Fourth Circuit Court of Appeals in the Bowles case, supra. Since that decision I do not recall that a similar contention has been advanced on behalf of any defendant until in the instant case.

In considering the federal revenue statutes with regard to the place of filing individual income tax returns, it is necessary to bear in mind the difference between the "collection" district and the "judicial" district. 26 U.S.C.A. § 53(b)(1) provides: "*Individuals.* Returns (other than corporation returns) shall be made to the collector for the district in which is located the legal residence or principal place of business of the person making the return or, if he has no legal residence or principal place of business in the United States, then to the collector at Baltimore, Maryland."

The word "district" here quoted refers to the collection district and not to the judicial district. 26 U.S.C.A. § 3650 (enacted in 1874) provided that the President should designate geographical areas for separate revenue collection districts up to 65 in number. In 1883 a Presidential Order, by President Arthur, designated the District of Columbia to be a part of the revenue collection district for which the Collector was at Baltimore, Maryland. Since then, as above indicated, it has been the uniform practice under the statutory requirement that personal income tax returns by residents of the District of Columbia must be filed with the Collector (now Director) of Internal Revenue at Baltimore, Maryland. For some years past, for the greater personal convenience of residents of the District of Columbia, the Collector has maintained a representative at Washington, D. C., where income tax returns can be handed in and are then transmitted to the Collector at Baltimore, and, as appeared at the hearing in this case, the returns when so received at Baltimore are then for the first time stamped as filed. For further convenience of Washington residents the Collector's representative in Washington will receive checks in payment of taxes and forward the checks to the Collector at Baltimore; and if cash is paid a receipt will be given for the payment and the cash deposited to the credit of the United States for the account of the individual taxpayer. These same conditions existed at the time of the decision of the Bowles case and were discussed in the opinion in that case.

To authorize the transfer under the rule the defendant must first satisfy the court that "it appears from the indictment or information or from a bill of particulars that the offense was committed in more than one district". This requires a consideration of what the indictment alleges, and it is important to note that the indictment clearly and explicitly charges that the offense was committed only in the District of Maryland. But the defendant contends that it appears on the record, even though not technically in a bill of particulars, that the offense was committed in the District of Columbia because the defendant is a resident of the District and physically handed in there to the Collector's representative his income tax return. Under the precise language of the rule, as the indictment clearly charges the offense to have been committed in the District of Maryland, the only other source of information to which the court can look is to find from "a bill of particulars" that the offense was committed "in more than one district". There is no bill of particulars in this case but for the purpose of the discussion on the particular point I am disposed to consider as properly of record the facts alleged in the motion which indeed the defendant first sought to obtain in the form of a bill of particulars. However, so considered it does not logically follow that it appears "that the offense was committed in more than one district". On the contrary, the defendant's contention would seem to lead to the conclusion that the offense was wholly committed in the District of Columbia and, in accordance with the defendant's fundamental

and first contention still maintained, the result would be that this court would have no jurisdiction of the case and the indictment therefore should have been dismissed. But that result is clearly contrary to the prior determination of the Court of Appeals of this Circuit.

Counsel for the defendant cites two cases in support of the contention that the offense was committed in more than one district. United States v. United States District Court for the Eastern District of Tennessee, 6 Cir., 1954, 209 F.2d 575, and United States v. Albanese, D.C.S.D.N.Y., 117 F.Supp. 736. It is not clear to me that either or both of these cases establish the proposition that in the instant case the offense was committed both in the District of Columbia and in the District of Maryland. The former case, United States v. United States District Court arose in an unusual way. The taxpayer resided in the judicial district of Eastern Tennessee but in a "collection" district in which the Collector's office where the returns should be filed was in the Middle District of Tennessee. On the motion of the defendant for a bill of particulars, and a motion to transfer the case to the Eastern District of Tennessee, the government apparently readily and voluntarily furnished information tending to support the defendant's contention that it would be in the interest of justice to transfer the case. And it was ordered by the Middle District that the case be transferred to the Eastern District. When the papers were received there the District Judge for the Eastern District refused to consider the case and ordered it transferred back, without opinion, to the Middle District. Thereupon when the case was transferred back to the Middle District the District Judge there refused to receive the case and ordered it stricken from the docket. Then the Assistant Attorney General, representing the Department of Justice, filed a petition for mandamus in the Court of Appeals for the Sixth Circuit to require the District Judge for the Eastern District of Tennessee to hear the case. The majority opinion of that court (one Circuit Judge dissenting) was to the effect that the writ of mandamus should issue and the basic rationale of the majority opinion was to the effect that on a motion to transfer, the judgment and discretion of the District Judge before whom the motion is made is determinative, and that the Judge of the transferee district does not have authority to refuse to consider the case. So far the decision does not touch the instant case but I note in the majority opinion it is said (without further discussion) on the facts appearing that the United States District Court for Eastern Tennessee had concurrent jurisdiction with that of the Middle District of Tennessee to try the case. 209 F.2d at page 577.

■ United States v. Albanese, supra, seems readily distinguishable from the instant case. There the indictment was found in the Southern District of New York. It alleged among other things that the wilful attempt to evade income taxes was by falsely preparing and mailing the return in the Southern District of New York and that the paper was later filed with the Collector at Albany, which is in the Northern District of New York. The distinction from the instant case is, of course, that here the indictment alleges that the wilful attempt to evade taxes was by *filing* the return at Baltimore in the District of Maryland. The particular motion in the Albanese case was on a motion to dismiss the indictment rather than on a motion to transfer the case. Compare the well reasoned opinion of District Judge Watkins in the Northern District of West Virginia (in this Circuit) in the case of United States v. Aaron (United States v. Bridwell), 117 F.Supp. 952. See also United States v. Lefkoff, D.C.E.D.Tenn., 113 F.Supp. 551. Newton v. United States, 4 Cir., 162 F.2d 795, is not to the contrary because the indictment was not under section 145(b) but under another section of the Internal

Revenue Act which specifically prohibits wilfully aiding and abetting the preparation of false income tax returns. As previously noted the indictment here explicitly charges that the attempt to evade taxes was by filing a false return with the Collector at Baltimore. I conclude that under this indictment the offense charged was not committed in two districts but only in the one judicial district of Maryland.

It is now contended by counsel for the defendant that, even if it is established by decisions of the Court of Appeals of this Circuit that this court does have jurisdiction of the case, under the indictment, yet it has not been decided that the case could not also have been instituted in the District of Columbia. It is also true that the problem here as to the proper venue is an unusual one arising under the applicable federal statutes. As has been noted, distinction must be made between the judicial district and the collection district. As there are only about 65 collection districts but a much larger number (nearly 100) judicial districts, it seems that possibly one-third of the income taxpayers in Continental United States are required to file their returns with the Collector whose office is in a judicial district outside of the place of their residence in the collection district. United States v. Beard, D.C.Md.1954, 118 F.Supp. 297. So far as I know it has been the uniform policy and practice of the Department of Justice to prosecute cases like the instant case, arising in other collection districts, by indictment found in the judicial district where the Collector's office is situated although the taxpayer is resident outside of that judicial district but within the area of the prescribed collection district. See also American Bar Association, Section of Taxation, Report of Committee on Procedure in Fraud Cases, 1953, at pp. 111, 112.

I am not satisfied that the transfer requested will be in the interest of justice. It is urged that it will be for the greater convenience of the larger number of witnesses in the case to have the trial in Washington, D. C.; but this does not seem of great moment here where Baltimore is only 40 miles distant from Washington and in view of the comparative convenience in travel. There are many cases arising in other parts of the State and District of Maryland which are of greater distance from Baltimore than is Washington. Nor has this consideration been urged in the many prior cases tried in this court in the last twenty years involving residents of Washington charged with alleged evasion of income taxes. Wampler v. Snyder, 62 App.D.C. 215, 66 F.2d 195.

In considering the general phrase of "the interest of justice" attention must also be given to the possibility of an early trial if desired. Shurin v. United States, 4 Cir., 164 F.2d 566, 570. This case has been pending here since February 16, 1954, and it is stated by the United States Attorney that his office has prepared the case for trial and desires to have a trial within the next thirty days; and it can be assigned for trial within that time unless the defendant has reasonable cause for postponement. On the other hand it is represented to the court by the Department of Justice that the case could not be prepared for trial by Washington counsel for the government at least until next November, assuming that the docket of the District Court for the District of Columbia would permit its trial at that time. Still another important consideration is that it is not clear that the District of Columbia Court does have concurrent jurisdiction in this case under the allegations of the indictment.

I conclude therefore that for the reasons stated the motion to transfer must be and hereby is overruled.