### UNITED STATES v. YARBOROUGH.
### Cr. No. 22622.

United States District Court,
D. Maryland, Criminal Division.
Sept. 1, 1954.

George Cochran Doub, U. S. Atty., Herbert H. Hubbard, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

William R. Richards, Silver Spring, Md., James J. Laughlin and Albert J. Ahern, Jr., Washington, D. C., for defendant.

THOMSEN, District Judge.

Defendant's motion to transfer this case to the United States District Court for the District of Columbia is opposed by the United States Attorney.

The Grand Jury for the District of Maryland has indicted defendant under fourteen counts. The first two counts are alike except for years and amounts. The first count charges:

"That during the calendar year 1949, David V. Yarborough who was a resident of Washington, in the District of Columbia, had and received a gross income of $12,337.-96; that by reason of such income he was required by law, after the close of the calendar year 1949 and on or before March 15, 1950, to make an income tax return to the Collector of Internal Revenue for the Internal Revenue Collection District of Maryland, at Baltimore, in the State and District of Maryland, stating specifically the items of his gross income and any deductions and credits to which he was entitled; that well knowing all of the foregoing facts, he did wilfully and knowingly fail to make said income tax

return to the said Collector of Internal Revenue, or to any other proper officer of the United States." Title 26 U.S.C.A. § 145(a).

The third count charges:

"That during the period from January 1, 1950, to March 31, 1950, inclusive, David V. Yarborough late of Washington, in the District of Columbia, was an employer of labor and a person required under the provisions of the Internal Revenue Code and the regulations of the Commissioner of Internal Revenue made under the authority of said Internal Revenue Code to make a return of income tax withheld from the wages of his employees; that said David V. Yarborough, as such employer, during such period paid wages in the amount of $5,023.35 which were subject to withholding tax, and withheld taxes from his employees in the sum of $398.88; that by reason of such facts the said David V. Yarborough was required after March 31, 1950, and on or before April 30, 1950, to make to the Collector of Internal Revenue for the Internal Revenue Collection District of Maryland at Baltimore, in the State and District of Maryland, a return of income tax withheld on wages; and that the said David V. Yarborough well knowing his duty and obligation to make such return, did wilfully and knowingly fail to make to said Collector or to any other proper officer of the United States said return of income tax withheld from wages." Title 26 U.S.C.A. § 2707 (b).

The fifth, seventh, ninth, eleventh and thirteenth counts are similar to the third count except for dates and amounts.

The fourth count is similar to the third count except that it charges a failure to make a return of Federal Insurance Contributions Act taxes due upon wages paid to defendant's employees rather than a failure to make a return of income taxes withheld. The sixth, eighth, tenth, twelfth and fourteenth counts are similar to the fourth count except for dates and amounts.

The relevant statutes, orders and regulations are set out in Notes A, B and C at the end of this opinion.

To justify the requested transfer under Rule 21(b), defendant must establish (1) that the offense was committed in two or more judicial districts; and (2) that it will be in the interest of justice to make the transfer. Rule 21(b), Fed.Rules Crim.Proc., 18 U.S.C.A.

■■ (1) Defendant contends as to each count that his omission to act and his commission in deducting certain payments and not transferring them to Baltimore occurred in the District of Columbia. This contention overlooks the fact that the only offense charged in each count is that defendant, being required to make a certain return to the Collector of Internal Revenue for the Internal Revenue Collection District of Maryland at Baltimore, in the State and District of Maryland, wilfully and knowingly failed to make such returns to said Collector or to any other proper officer of the United States. Defendant's receipt of income, payment of wages and withholding of taxes from those wages in Washington, D. C., were the facts or incidents which required the making of the various returns. They were not part of the offenses charged—the wilful failure to make the returns. Such an offense is committed where the return is required by law to be filed, and not elsewhere.

Bowles v. U. S., 4 Cir., 73 F.2d 772, held that the offense of failing to make an income tax return is committed where the return is required to be filed. The first count in the Bowles case was similar to the first two counts in the case at bar.

U. S. v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897, held that the offense of failing to file a paper (in that case a written statement, not an income

tax return) required by law to be filed in a particular district cannot be prosecuted in another district even though the acts which required the statement were committed in the district where the prosecution was laid. To the same effect is New York Central & H. R. R. Co. v. U. S., 2 Cir., 166 F. 267, and dictum in U. S. v. Commerford, 2 Cir., 64 F.2d 28, an income tax case under what is now 26 U.S.C.A. § 145(a).

See also Rumely v. McCarthy, 250 U.S. 283, 39 S.Ct. 483, 63 L.Ed. 983; Jones v. Pescor, 8 Cir., 169 F.2d 853; Beaty v. U. S., 4 Cir., 213 F.2d 712; Wampler v. Snyder, 62 App.D.C. 215, 66 F.2d 195; U. S. v. Warring, D.C.Md., 121 F.Supp. 546; U. S. v. Clayton-Kennedy, D.C.Md., 2 F.Supp. 233.

The words "shall be made", as used in some of the statutes, mean the same thing as the words "shall be filed" in other statutes. Reass v. U. S., 4 Cir., 99 F.2d 752, 754; Wampler v. Snyder, and other cases supra.

In U. S. v. U. S. District Court, 6 Cir., 209 F.2d 575, 577, cited by defendant, the prosecution was not under Section 145 (a), but under Section 145(b), for filing and causing to be filed false and fraudulent returns. The majority opinion relied upon a bill of particulars, filed by the U. S. Attorney, which averred that the returns of the defendant were prepared in Knoxville and that " 'all acts showing wilful intent occurred in the Eastern District of Tennessee, except the technical filing of the returns in Nashville, Tennessee' ", to support its finding of concurrent jurisdiction. The dissenting judge felt that preparation of a false return is not part of the offense of filing a false return. In the case at bar, however, there are no facts similar to those relied upon by the majority of the court in that case.

In U. S. v. Warring, D.C.Md., 121 F. Supp. 546, a prosecution under Section 145(b), where the indictment charged a wilful attempt to evade taxes by filing a false return with the Collector at Balti-

more, Judge Chesnut held that the offense was not committed in two districts but only in the one judicial district of Maryland, even though the return may have been mailed in the District of Columbia or delivered to the Collector's representative in Washington for transmission to Baltimore.

■ It may be that defendant could have been indicted in the District of Columbia under Section 145(b) for acts committed there. But such a hypothetical indictment is not before this court. I find that the indictment in the case at bar does not charge offenses committed in two districts.

(2) Nor do I find that the requested transfer would be in the interest of justice. The facts on this point are similar to those discussed by Judge Chesnut in U. S. v. Warring, 121 F.Supp. at page 551, and I can add nothing to his reasoning.

The motion to transfer is overruled.

*Note A. Counts 1 and 2. Failure to file Income Tax Returns.*

■ 26 U.S.C.A. § 53(b)(1) requires that an individual taxpayer make his income tax return to the collector for the district in which is located his legal residence or principal place of business. The word "district", as used in that statute, means collection district rather than judicial district. Bowles v. U. S., 4 Cir., 73 F.2d 772; U. S. v. Warring, D.C.Md., 121 F.Supp. 546. Pursuant to an act passed in 1874, now codified as 26 U.S.C.A. § 3650, President Arthur, by Presidential Proclamation dated June 25, 1883 (quoted in Bowles v. U. S., supra) made the District of Columbia a part of the Revenue Collection District of Maryland.

*Note B. Counts 4, 6, 8, 10, 12 and 14. Failure to file Federal Insurance Contributions Act (Social Security) Tax Returns. 26 U.S.C.A. Chapter 9, Subchapter A.*

26 U.S.C.A. § 1400 imposes this tax. Sections 1420 and 1429 authorize the Commissioner of Internal Revenue, with

the approval of the Secretary of the Treasury, to designate by regulation how this tax shall be collected. Section 1430 provides that "all provisions of law, including penalties, applicable with respect to any tax imposed by section 2700 or section 1800, and the provisions of section 3661, shall, insofar as applicable and not inconsistent with the provisions of this subchapter, be applicable with respect to the taxes imposed by this subchapter." Section 2700 provides for a tax on certain sales or leases of pistols and revolvers. Section 2701 provides that returns for such taxes shall be made to the collector of the district in which is located the principal place of business of the person liable for the tax. Section 2707(b) provides:

"Any person required under this subchapter to pay any tax, or required by law or regulations made under authority thereof to make a return, keep any records, or supply any information, for the purposes of the computation, assessment, or collection of any tax imposed by this subchapter who willfully fails to pay such tax, make such returns, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than one year, or both, together with the costs of prosecution."

U. S. Treas. Dept. B.I.R. Reg. 106, Title 26, Code of Federal Regulations, Sec. 402.606, made and published pursuant to 26 U.S.C.A. § 1429, provides:

"Each return shall be filed with the collector for the district in which is located the principal place of business of the employer, or if the employer has no principal place of business in the United States, with the collector at Baltimore, Md. Except as provided in § 402.603, each return shall be filed on or before the last day of the first month following the period for which it is made. If the last day for filing any return falls on Sunday or a legal holiday, the return may be filed on the next following business day. If placed in the mails, the return shall be posted in ample time to reach the collector's office, under ordinary handling of the mails, on or before the due date. As to additions to tax for failure to file a return within the prescribed time, see § 402.804. See also section 2707 of the Internal Revenue Code, relating to penalties."

This regulation controls the returns required under counts 4, 6, 8 and 10. The regulation applying to counts 12 and 14 is U. S. Treas. Dept. B.I.R. Reg. 128, Title 26, Code of Federal Regulations, Section 408.606, which is essentially similar to Section 402.606, quoted above. The District of Columbia is part of the collection district of Maryland (see Note A). Persons having their principal place of business in the District of Columbia are, therefore, required to file these returns in Baltimore.

*Note C. Counts 3, 5, 7, 9, 11 and 13. Failure to file Withholding Tax Returns. 26 U.S.C.A. Chapter 9, Subchapter D.*

26 U.S.C.A. § 1627 makes "All provisions of law, including penalties, applicable with respect to the tax imposed by section 1400 shall, insofar as applicable and not inconsistent with the provisions of this subchapter, be applicable with respect to the tax under this subchapter." The provisions of law applicable with respect to the tax imposed by Section 1400 include the provisions of Section 1429 concerning regulations and the penalty provisions of Section 2707(b) quoted above. (See Note B.) See also 26 U.S.C.A. § 3791. U. S. Treas. Dept. B.I.R. Reg. 116, Title 26, Code of Federal Regulations, Section 405.601 provides:

" * * * Such return is to be made on Form W–1, Return of In-

come Tax Withheld on Wages, and must be filed with the collector of internal revenue for the district in which is located the principal place of business or office of the employer, or if he has no principal place of business or office, then in the district in which is located his legal residence. For quarters commencing after December 31, 1949, Form 941 shall be used in lieu of Form W–1. The return on Form 941 must be filed with the collector of internal revenue for the district in which is located the principal place of business of the employer, or if the employer has no principal place of business in the United States, with the collector of internal revenue at Baltimore, Md. * * * The return must be signed by the employer or other person required to withhold and pay the tax and shall contain or be verified by a written declaration that it is made under the penalties of perjury."

Persons having their principal place of business in the District of Columbia are, therefore, required to file these returns in Baltimore.