UNITED STATES of America
v.
Samuel P. ROSS.
Crim. Nos. 23138, 23151.

United States District Court
D. Maryland.
Nov. 28, 1955.

George Cochran Doub, U. S. Atty.,
and Herbert F. Murray, Asst. U. S. At-
ty., Baltimore, Md., for the United
States.

Harold Posner, Baltimore, Md., for
defendant.

R. DORSEY WATKINS, District
Judge.

On January 28, 1955, a criminal infor-
mation was filed against the defendant,
Samuel P. Ross, under section 1718(a) of
Title 26 of the Internal Revenue Code of
1939, as amended, for wilful failure to
make transportation tax returns, and, on
February 8, 1955, he was indicted under
section 1718(b) of Title 26 of the Inter-
nal Revenue Code of 1939, as amended,
for wilful failure to truthfully account
for and pay over transportation taxes.
The alleged violations covered a period
from January 31, 1952, through April
30, 1953. The defendant filed a motion
to dismiss in each case. As the offenses
charged in the information and the in-
dictment are of a similar character and
are based on transactions constituting
parts of a common plan, and, as the
grounds for dismissal of the information
and the indictment are substantially
identical, the two cases will be consider-
ed together, (Federal Rules of Criminal
Procedure, Rules 8(a) and 13, 18 U.S.C.).

The information was in fifteen
counts, each count being the same save
as to the amounts and dates involved.
Each count charged that the defendant
conducted a trucking business known as
the Ross Trucking Company or Samuel
P. Ross, with its principal place of busi-
ness in Washington, D. C., and transport-
ed property for hire taxable under sec-
tion 3475(a) of Title 26 U.S.C.; that by
law, the defendant was required to make
transportation tax returns regarding
such transportation of property for hire;
and that he, knowing this, wilfully and
knowingly failed to make the required
returns. The indictment was in sixteen
counts, each being identical except as
to the amounts and dates involved, and
each charged that the defendant operat-
ed a trucking business known as the Ross
Trucking Company or Samuel P. Ross,
with its principal place of business in
Washington, D. C., and transported
property for hire for the Landover Sand
Company of Bowie, Maryland; that such
transportation of property was taxable
under section 3475(a) of Title 26 U.S.
C.; that the Landover Sand Company
paid to Samuel P. Ross the taxes due;
and that he, knowing he was required to
account for and pay over said taxes to
the United States, wilfully failed to do
so. Title 26 U.S.C. § 3475(c) requires
the person receiving the tax to make the
returns and payments to the Collector in
the district in which his principal place
of business is located, or, if he has no
principal place of business, to the Collec-
tor at Baltimore, Maryland. In either
case this court would be the proper one
in which to bring suit as the District of
Columbia is a part of the Revenue Collec-
tion District of Maryland, which should
be distinguished from a judicial district.
(See Rule 18 of Federal Rules of Crimi-
nal Procedure; Bowles v. United States,
4 Cir., 1934, 73 F.2d 772, certiorari de-
nied 294 U.S. 710, 55 S.Ct. 506, 79 L.Ed.
1245.[1]).

The defendant's motion to dismiss,
both as to the information and the in-

1. Wampler v. Snyder, 1933, 62 App.D.C.
215, 66 F.2d 195; United States v. War-
ring, D.C.D.Md.C.D.1954, 121 F.Supp.
546, affirmed, 4 Cir., 1955, 222 F.2d 906;
United States v. Yarborough, D.C.D.Md.
C.D.1954, 16 F.R.D. 212.

dictment, raised four points—first, initial irregularities in that no complaint was sworn out against the defendant, no summons or warrant was issued for a preliminary hearing, and no preliminary hearing was had; secondly, failure to allege the commission of any crime or crimes; thirdly, limitations as to several of the counts; and finally, a barring of the United States from criminal prosecution because the United States filed a warrant of distraint against, and sold, the defendant's truck for taxes other than those involved in the two cases now before the court. The defense of initial irregularities has been waived by the defendant. The United States has conceded that the first count of the indictment was barred by limitations, and the court has so ruled.[2] The second and fourth points remain to be considered.

The United States takes the position that a crime or crimes were alleged in the indictment and information in that section 3475(a) of Title 26 U.S.C., Chapter 30, imposes the tax; section 3475 (c) makes the one paying for the transportation liable for the tax, requires him to pay it to the one receiving payment for the transportation and makes the transporter responsible for filing returns and paying to the Government the taxes so collected; section 3473, also a part of Chapter 30, is the referral section and provides that:

> "All provisions of law (including penalties) applicable in respect of the taxes imposed by section 1700, shall, in so far as applicable and not inconsistent with this chapter, be applicable in respect of the taxes imposed by this chapter."

Title 26 U.S.C. § 1718(a) and (b), a part of the Internal Revenue Code, apply the criminal sanctions for the taxes imposed by section 1700, (Chapter 10). Section 1718(a) makes the wilful failure to make a return a misdemeanor and section 1718 (b) makes the wilful failure to truthfully account for and pay over any tax imposed by Chapter 10 a felony.

The defendant argues that penalty provisions enacted in 1926, (section 1718(a) and (b)), and a referral section enacted in 1932, (section 3473), could not have been intended by Congress to apply to a tax imposed for the first time in 1942, (section 3475(a)), and, moreover, that the referral section is void for vagueness and indefiniteness. This vagueness arises, the defendant contends, from the fact that the Title of the United States Code in which section 1700 is located is not identified and even assuming Title 26 is meant, provisions of law applicable in respect of taxes on dues and admissions could not conceivably be applicable to taxes imposed on the transportation of property.

The incorporation by reference of statutes with penal provisions is not uncommon. A contention similar to that of the defendant was made in Young v. United States, 9 Cir., 1949, 178 F.2d 78, 80, rehearing denied 1950, certiorari denied 339 U.S. 913, 70 S.Ct. 573, 94 L.Ed. 1339. In that case, the indictment was brought under section 694 et seq., section 697 and section 715 of Title 38. U.S.C., for knowingly causing a false certificate to be made concerning a claim for benefits under the Servicemen's Readjustment Act. Section 697, the referral section, and section 694 et seq., both located in Chapter 11C, were enacted in 1944 while the penalty section, section 715 located in Chapter 12, had been enacted in 1933 without subsequent amendment. The Court held:

> "Incorporation of statutes by reference has been a common practice in federal legislation, and the adoption of an earlier statute by reference makes it as much a part of the later statute as though it had been incorporated at full length."

The Internal Revenue Code of 1939, as amended, has many referral sections. There are two penalty sections to which reference is most frequently made, section 2707 and section 1718. Section 2707, located in Chapter 25, sets out the

---

2. Thomsen, C. J.; no opinion for publication.

penalties for the tax imposed by section 2700(a) on pistols and revolvers. Enacted in 1926 without subsequent amendment, this penalty section is incorporated by reference section 1430, enacted in 1935 and re-enacted in 1939, in respect to section 1400, located in Chapter 9 and dealing with tax on employees' wages. Section 1400 was enacted in 1935 and has been amended numerous times. Other referral sections dealing with section 2707 are section 1627, enacted in 1943; section 2408, enacted in 1941; section 2479, enacted in 1934; section 3294(c), enacted in 1951; and section 3449, enacted in 1932. Penalty section 1718, with which we are primarily concerned, also was enacted in 1926. It is incorporated by reference section 1856, enacted in 1932, into Chapter 12 dealing with safe deposit boxes. Section 1850 of Chapter 12 imposes the tax and was enacted in 1932. There are still other referral sections in the Internal Revenue Code of 1939, as amended, such as sections 1934, 3483 and 3524, but, as those already cited more closely resemble section 3473, only they will be considered.

Section 3473 is substantially the same in its wording as the other referral sections. In none of them is the Title referred to mentioned but merely the section involved, yet indictments and other suits brought under such referral sections have consistently been upheld. (Contreras v. United States, 5 Cir., 1954, 213 F.2d 96; Mosely v. United States, 5 Cir., 1953, 207 F.2d 908, 909, certiorari denied 347 U.S. 933, 74 S.Ct. 626, 98 L. Ed. 1084; dicta United States v. Girgenti, 10 Cir., 1952, 197 F.2d 218; Kellems v. United States, D.C.D.Conn.1951, 97 F.Supp. 681; In re Haynes, D.C.D. Kan.1948, 1949, 88 F.Supp. 379; United States v. Yarborough, D.C.D.Md.C.D. 1954, 16 F.R.D. 212). The defendant's further contention regarding the wording of referral section 3473 is that provisions applicable to a tax on dues and admissions could not conceivably be applicable to taxes imposed on the transportation of property. Both are excise taxes. In the Internal Revenue Code

of 1954, Chapter 33, relating to facilities and services, contains subchapter A entitled "Admissions and Dues." Subchapter C, Part II, deals with the tax on transportation of property. Subchapter E, section 4294 refers to subtitle F for administrative provisions of general applicability. In subtitle F, Chapter 75 dealing with crimes, section 7202 makes the wilful failure to collect or pay over any tax imposed by the Title a felony, and section 7203 makes the wilful failure to file a return when required to do so under the Title a misdemeanor. While it is true the 1954 Internal Revenue Code is not controlling in the cases now being considered, it is surely indicative of what provisions of law Congress deems to be of general applicability.

Section 3473 is different from the more usual type of referral section in two respects. First, the referral section and the section imposing the tax are generally enacted at the same time. Secondly, the administrative provisions are usually at the end of the Chapter or subchapter to which they refer. However, sections 1400, 1622, 2400, 2401, 2402, 2470 and 1850 which impose the tax, have all been amended subsequent to the enactment of their various referral sections. More closely analogous to the referability of section 3473 to section 3475 are sections 3406 and 3408. Section 3406 imposing a tax on sporting goods, luggage, electric, gas and oil appliances, etc., was not enacted until September 20, 1941, and section 3408 imposing a tax on mechanical pencils and lighters, etc., not until October 21, 1951, while the referral section 3449 had previously been enacted in 1932 without any subsequent amendment.

Basically, the question before the court is not could Congress make the penalties of section 1718 applicable to the tax imposed by section 3470 by use of referral section 3473 but has it done so. In recent years, increasing attention has been given by the courts to administrative rules and regulations which interpret the statutes the agency is called up-

on to administer. Regulation 113, section 143.26 issued by the Treasury Department in 1944 and amended in 1946, states that section 1718 is applicable to section 3470 by reason of section 3473, (26 C.F.R. sec. 143.26). Section 143.26 (f) of 26 C.F.R. provides that anyone wilfully failing to pay or file a return on transportation taxes is subject to a fine or imprisonment or both and also a penalty equal to the amount of the tax not paid; in other words, the penalty provisions of section 1718. In discussing sections 7202 and 7203 of the 1954 Internal Revenue Code, both the House Report, (page 4572 of Vol. 3, 1954 U.S.Code Congressional and Administrative News), and the Senate Report, (page 5251 of Vol. 3, 1954 U.S. Congressional and Administrative News), speak of the existing law as being that wilful failure to collect or pay over any tax constitutes a felony and wilful failure to file a return constitutes a misdemeanor. The Senate Report states section 7203 of the 1954 Internal Revenue Code "corresponds to numerous sections of existing law, including those applicable to the income, estate, gift, and excise taxes." Perhaps what Congress intended is best found by reference to the legislative history of Chapter 30 of the Internal Revenue Code of 1939 as amended. Entitled "Transportation and Communication", Chapter 30 was originally enacted on June 6, 1932 and contained three subchapters: Subchapter A entitled "Transportation of Oil by Pipeline"; subchapter B entitled "Telegraph, Telephone, Radio, and Cable Facilities"; and subchapter C entitled "Administrative Provisions." Section 3473, the referral section, was a part of subchapter C. On September 20, 1941, a new subchapter C, entitled "Transportation of Persons", was enacted. The administrative provisions of Chapter 30 were redesignated as subchapter D, and the wording of section 3471 and section 3472 was changed so reference to the new subchapter C would be clear. On October 21, 1942, subchapter E, entitled "Transportation of Property" was added. Again section 3471, located in subchapter D, entitled "Administrative Provisions", was also amended. In subsections (a) and (b) [3] of section 3471, wherever the words "Subchapter B or Subchapter C" occurred, the 1942 amendment struck out "or Subchapter C" and replaced this phrase with "Subchapter C, or Subchapter E." This technical amendment of a section within the subchapter dealing with administrative provisions clearly shows that Congress intended the administrative provisions including section 3473, the referral section, to apply to subchapter E in which section 3475 which imposes the tax, is located. Instead of amending Chapter 30 in 1941, and again in 1942, as above indicated, Congress could of course have repealed and reenacted Chapter 30, incorporating the amendments as part of the text of the reenacted Chapter. The argument of the defendant that this must be done; that an amendment does not become an integral part of the statute it amends, is without merit. After amendment, Chapter 30, as amended, is to be read as one act. See Blair v. City of Chicago, 1906, 201 U.S. 400, 475, 26 S.Ct. 427, 50 L.Ed. 801; United States v. La Franca, 1931, 282 U.S. 568, 576, 51 S.Ct. 278, 75 L.Ed. 551; Pennsylvania Co. v. United States, 1915, 236 U.S. 351, 362, 35 S.Ct. 370, 59 L.Ed. 616. Therefore, both the information and the indictment allege the commission of crimes.

 As to the fourth point made by the defendant, on March 18, 1953, the United States, pursuant to a warrant of distraint, levied on a dump truck owned by the defendant to satisfy income tax due for 1946 and transportation of property taxes due from June 1946 through February 1950, in the total amount of $2551.37. The truck was sold for four hundred dollars. The defendant claims there were irregularities in

---

**3.** The United States Code, 1952 Ed., points out that, although section 620(b) of 56 Stat. 979 purports to amend subsections (a) and (b) of section 3471, subsections (a) and (c) were undoubtedly meant to be amended.

the sale in that proper notice was not given; the sale was not at the proper location; and the amount realized was inadequate. The defendant argues that, as the United States knew at the time of the sale of the truck the amount of transportation taxes due for the periods covered by the information and indictment involved herein and failed to deduct them from the proceeds of the sale, it is estopped from proceeding against the defendant in a criminal action. Furthermore, the defendant contends the whole proceedings were violative of the Eighth Amendment in that they constituted cruel and unusual punishment.

First, the defendant does not claim that he filed returns for the periods covered by the information, and is in no position to contend that the United States could have known on March 18, 1953 the amount of taxes the defendant failed to pay on March 31, 1953 and April 30, 1953. Secondly, the distraint and levy were made for taxes other than those involved in the information and indictment now before the court; and the proceeds of sale were insufficient to satisfy the taxes for which the levy and distraint were made. Thirdly, and most important, no authority has been cited to the court holding that the discharge of a tax liability, whether by voluntary payment or forced collection, constitutes a bar to criminal liability. To the contrary, numerous cases have distinguished the civil and criminal sanctions of the Internal Revenue Code and have held that offers of compromise, the payment of heavy penalties and of the taxes due will not bar the United States from criminal prosecution. (Spies v. United States, 1943, 317 U.S. 492, 495, 63 S.Ct. 364, 87 L.Ed. 418; United States v. Sabourin, 2 Cir., 1946, 157 F.2d 820, certiorari denied, 1947, 329 U.S. 800, 67 S.Ct. 493, 91 L.Ed. 684; United States v. J. R. Watkins Co., D.C.D.Minn. 3rd D. 1954, 127 F.Supp. 97; United States v. Goldberg, and five other cases, D.C.D.Minn 4th D. 1954, 123 F.Supp. 385, appeals by the United States dismissed by stipulations

of the parties, 219 F.2d 706, 708, 709, 950; United States v. Stoehr, D.C.M.D. Pa.1951, 100 F.Supp. 143, 162, affirmed, 3 Cir., 1952, 196 F.2d 276, 33 A.L.R.2d 836, certiorari denied 344 U.S. 826, 73 S.Ct. 28, 97 L.Ed. 643; United States v. LaFontaine, D.C.D.Md.1931, 54 F.2d 371). The contention that the Eighth Amendment has been violated was not further developed by the defendant's counsel beyond the mere assertion thereof. The contention is obviously without merit.

Motion to dismiss both as to the criminal information and indictment is denied except as to the first count of the indictment.