**UNITED STATES of America**

v.

**Frances M. DOLMAGE.**

**Cr. No. 23892.**

United States District Court
D. Maryland.
Oct. 15, 1958.

---

Leon H. A. Pierson, U. S. Atty., Baltimore, Md., for plaintiff.

Bernard J. Flynn, Baltimore, Md., and Fred Botts, Miami, Fla., for defendant.

THOMSEN, Chief Judge.

This case is before the court on defendant's motion to dismiss the indictment and each count thereof for want of jurisdiction.

The first count charges:

"The Grand Jury for the District of Maryland charges:

"On or about the fifteenth day of January, 1951, in the State and District of Maryland

Frances M. Dolmage

late of Miami, Florida, who during the calendar year 1950 was married, did wilfully and knowingly attempt to evade a large part of the income tax due and owing by her and her husband to the United States of America for the calendar year

1950, by filing and causing to be filed with the Collector of Internal Revenue for the Internal Revenue District of Maryland, at Baltimore, Maryland, a false and fraudulent joint income tax return on behalf of herself and her said husband, wherein it was stated that their net income for said calendar year was the sum of $4,370.84 and that the amount of tax due and owing thereon was the sum of $447.32, whereas, as she then and there well knew, their joint net income for the said calendar year was the sum of $8,879.39, upon which said net income there was owing to the United States of America an income tax of $1,312.48, in violation of Section 145(b), Internal Revenue Code of 1939; 26 U.S.C., Section 145(b)."

The other four counts are identical with the first except for dates and amounts, and except that the third, fourth and fifth counts allege that the returns were filed with the Director of Internal Revenue for the Internal Revenue District of Maryland, at Baltimore, Maryland, and the fifth count, for the year 1954, charges a violation of the new statute, sec. 7201, I.R.C.1954; 26 U.S.C. § 7201.

Defendant has moved to dismiss the indictment and each count thereof on the grounds that this court is without jurisdiction and that the grand jury which returned the indictment herein had no jurisdiction to hear evidence and return the indictment. Defendant contends that she was a legal resident of Florida at the time the returns were made, that under the statutes quoted below she should have filed her returns in that collection district, and that the filing of her return with the collector or district director at Baltimore was a nullity, no filing at all, and cannot be made the basis for this prosecution in the District of Maryland.[1]

Sec. 53(b) (1) of the 1939 Code, 26 U.S.C. § 53(b) (1) provided that individual income tax returns "shall be made to the collector for the district in which is located the legal residence or principal place of business of the person making the return, or, if he has no legal residence or principal place of business in the United States, then to the collector at Baltimore, Maryland." See United States v. Yarborough, D.C.D.Md., 16 F.R.D. 212. Sec. 6091(b) (1) of the 1954 Code requires that the return be made "to the Secretary or his delegate in the internal revenue district in which is located the legal residence or principal place of business of the person making the return." These sections, however, are directory only, not jurisdictional or mandatory. United States v. Dallas Nat. Bank, 5 Cir., 152 F.2d 582, 586.

Defendant's contention overlooks the fact that the gist of the offense charged in all five counts of the indictment is the attempt to evade income taxes. The filing of a false return was merely a means to that end.

The pertinent parts of old sec. 145(b) and new sec. 7201 are identical:[2] "* * * any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony * * *."

1. The basis for this contention is defendant's affidavit and testimony that although she had formerly been a resident of the District of Columbia, required to file returns in Baltimore, Maryland, she and her husband went to Florida in 1945 and have lived there ever since, although it appears from the testimony that for some time at least they regarded their residence there as temporary, and were advised by an agent of the Internal Revenue Service, whom defendant consulted, that they should continue to file their returns with the collector in Baltimore, Maryland.

2. Sec. 7201 of the I.R.C.1954 uses the word "title" instead of the word "chapter".

The criminal act charged in each count of the indictment was the attempt to evade the tax by filing or causing to be filed with the collector (director) at Baltimore a fraudulent return.

 It is immaterial to this offense whether the return is filed in the proper district, or is wilfully, negligently or mistakenly filed in an improper district.

There seems to be no case directly in point. It is familiar law, of course, that prosecutions for failure to file returns can only be brought where the return should have been filed, e. g. Bowles v. United States, 4 Cir., 73 F.2d 772; and it is hornbook law that a paper is filed when it is delivered to the proper official and by him received and filed, United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897.

But the question in this case is not whether the returns were properly filed with the collector (director) in Baltimore, but whether they were physically filed with him with the intent to evade the tax. The fact that defendant may have prepared the claim in Florida and mailed it to Baltimore does not prevent a prosecution in Maryland based upon the physical filing of the return here. United States v. Warring, D.C.D.Md., 121 F.Supp. 546; United States v. Yarborough, supra. Indeed it is doubtful whether a prosecution based upon the acts charged in this indictment can be maintained elsewhere. United States v. Aaron, D.C.N.D.W.Va., 117 F.Supp. 952, 953. Cf. United States v. United States District Court, 6 Cir., 209 F.2d 575. See also United States v. Yarborough, supra.

The physical filing controls the jurisdiction and supports the prosecution of this indictment in the District of Maryland. The actual physical filing with the collector in Baltimore, with the wilful intent on the part of defendant to evade the tax by filing a false return, creates jurisdiction for this prosecution in the District of Maryland.

This conclusion makes it unnecessary to decide whether defendant was a legal resident of Florida or of the District of Columbia at the times the several returns were filed. Cf. Edwards v. United States, 8 Cir., 7 F.2d 357, 361; Commissioner of Internal Revenue v. Swent, 4 Cir., 155 F.2d 513; Ditman v. Hofferbert, D.C.D.Md., 136 F.Supp. 542.

The motion is hereby denied.