George E. **DITMAN**

v.

George **HOFFERBERT**, Collector of Internal Revenue.

Civ. No. 6918.

United States District Court
D. Maryland, Civil Division.
Dec. 23, 1955.

Harry M. Sachs, Jr., Baltimore, Md., and L. Awalt Weller, Westminster, Md., for plaintiff.

George C. Doub, U. S. Atty., Walter E. Black, Jr., Asst. U. S. Atty., Baltimore, Md., H. Brian Holland, Asst. Atty. Gen., Ethan B. Stroud and Andrew D. Sharpe, Attys., Dept. of Justice, Washington, D. C., for defendant.

THOMSEN, Chief Judge.

The only issue in this suit for the recovery of income taxes is whether plaintiff taxpayer was a bona fide resident of Saudi Arabia during the entire taxable year 1949 within the meaning of Section 116(a), I.R.C. of 1939, as amended by the Revenue Act of 1942, c. 619, 56 Stat. 798, Sec. 148(a), 26 U.S.C.A. § 116, which granted an exemption from federal taxation of earned income received from sources without the United States to "an individual citizen * * * who establishes * * * that he is a bona fide resident of a foreign country * * * during the entire taxable year".

Taxpayer, a native of Carroll County, Maryland, entered into an employment contract with the Bechtel International Corporation in July, 1948, agreeing to work for that company as a carpenter in Saudi Arabia for 18 months. He had recently divorced his wife in Spokane, Washington, where he had been living and working since the war, and his primary interest was to get as far from Spokane as he could for the time being. He did not intend to establish a domicile in Saudi Arabia or in any other place outside the United States. Taxpayer remained in Saudi Arabia during the entire year 1949 and until May, 1950, living in company barracks and eating at company mess halls. Company doctors and medical facilities were available to him. Taxpayer did not speak Arabic, and did not enter into the social life of the community nor become assimilated into the foreign environment. He did not pay any Arabian income taxes, nor apply for Arabian citizenship. He had two bank accounts in the United States, one in Westminster, Maryland, and the other in Spokane, Washington. His family lived in Carroll County, Maryland.

In April, 1950, taxpayer gave notice of termination of his contract and at company expense was transported back to the United States around the first of May, 1950. When he left Saudi Arabia he sold or gave away everything he could not carry with him. He wanted to get away from Saudi Arabia before summer, when it is extremely hot, but he thought he might return there before the next winter or might get a new job in South America or elsewhere. The day after he arrived in Carroll County, he met an old friend who suggested that he go to work for him building houses. Taxpayer accepted this suggestion and, except for a short trip west, has lived and worked in Maryland since his return.

Was taxpayer a "bona fide resident" of Saudi Arabia during the year 1949? "The word 'resident' (and its antonym 'nonresident') are very slippery words, which have many and varied meanings. Sometimes, in statutes, residence means domicile; sometimes, as in the instant case, it clearly does not." Commissioner of Internal Revenue v. Swent, 4 Cir., 155 F.2d 513, 515, which applied the law before the 1942 amendment to Sec. 116(a), and Myers v. Commissioner, 4 Cir., 180 F.2d 969, which applied the law after the amendment.

The legislative history of sec. 116(a) was discussed at length by Judge Chesnut in White v. Hofferbert, D.C.D.Md., 88 F.Supp. 457, and need not be repeated here. The purpose of the 1942 amendment, as explained by Senator George, Chairman of the Senate Committee on Finance, was that "a non-resident American citizen who establishes a home, maintains his establishment and is taking on corresponding obligations of a

home in a foreign country, may enjoy the exemption and * * * so that technicians, American citizens who are merely temporarily away from home could be properly reached * * * for taxation purposes."

It would appear, therefore, that something more than mere physical presence in the foreign country should be required before the taxpayer is entitled to the exemption. How much more, is the question.

If this were a case of first impression in this circuit and district, I would be inclined to give the amendment the construction suggested by Senator George, and to hold that technicians who are merely temporarily away from home are not entitled to the exemption unless their "assimilation into the foreign life [is] sufficient to expose them to the burdens of adjusting to the foreign environment". Meals v. U. S., D.C.N.D.Cal., 110 F.Supp. 658, 661. See also Downs v. Commissioner, 9 Cir., 166 F.2d 504, and Johnson v. Commissioner, 7 T.C. 1040.

But Judge Chesnut in White v. Hofferbert and the Fourth Circuit in Myers v. Commissioner independently and simultaneously concluded that the proper distinction is between transients and sojourners on the one hand, and residents on the other. Although the assimilation into the foreign life in those cases was greater than in the case at bar, the fact that Ditman had contracted to work in Saudi Arabia for a period extending beyond the end of the tax year in question, takes him out of the class of transients and sojourners. On the authority of those cases, I am constrained to rule that Ditman is entitled to the exemption claimed.

Counsel will prepare a judgment order in accordance with this opinion.