**UNITED STATES v. DE HARDIT.**
Crim. A. No. 5541.

United States District Court,
E. D. Virginia. Richmond Division.
March 12, 1954.

L. Shields Parsons, Jr., U. S. Atty., Norfolk, Va., for the United States.

Leith C. Bremner and Robert L. Young, Richmond, Va., for defendant.

STERLING HUTCHESON, District Judge.

On April 9, 1953, the grand jury, at Richmond, returned an indictment charging the defendant with a violation of Title 26 U.S.C.A. § 145(b). Specifically, the indictment, which contains one count, recites that the defendant "did wilfully and knowingly attempt to defeat and evade a large part of the income tax due and owing by him to the United States of America for the calendar year 1946, by filing and causing to be filed with the Collector of Internal Revenue for the Internal Revenue Collection District of Virginia at Richmond, a false and fraudulent income tax return * * *."

On May 22, 1953, the defendant filed a motion to dismiss the indictment upon the ground that a prosecution is barred by the statute of limitations. On February 8, 1954, the defendant filed an amended motion to dismiss based upon two grounds: (1) that more than six years had elapsed after the alleged offense was committed before the indictment was returned; and (2) that a complaint filed by the United States Attorney with the United States Commissioner on March 20, 1953, and the warrant issued thereon were void and ineffectual to toll the running of the statute of limitations for the reason that such complaint on its face shows that it could not have been made by a person having knowledge concerning the alleged offense other than upon information and belief and that the filing of the complaint and issuance of a warrant were not authorized by the statute or Rules of Criminal Procedure, 18 U.S.C.A. It is further contended that if the complaint and warrant were filed and issued in accordance with the statutes and rules, such statutes and rules are unconstitutional and void, being in violation of the Fourth and Fifth Amendments to the Constitution. As will be noted later, no warrant was issued but the Commissioner did issue a summons and at the argument of the motion the defendant took the position that the summons was ineffectual to suspend the running of the statute of limitations. The respective motions will be treated as one and referred to as the defendant's motion. A hearing was held at which evidence was introduced by the defendant in support of the motion and by the Government in opposition.

Evidence introduced by the defendant showed the following facts which I find proven: On March 15, 1947, the defendant came to the office of a local accounting firm in Richmond where he furnished an accountant information necessary to prepare his income tax return for the calendar year 1946. The return was prepared and signed by the defendant in the accountant's office and the defendant delivered to the accountant his check to cover the tax computed to be forwarded with the return to the Collector. The accountant, after affixing his signature as the person who prepared the return, delivered it to an employee of his firm to be mailed. After signing the return and supplying the accountant with the check, the defendant left the office to return to his home approximately fifty miles from Richmond. While no one in the office of the accounting firm had any independent recollection of actually placing the return in the mail, the records of the office indicate that it was placed in the Post Office in Richmond on March 15, 1947, in an envelope addressed to the Collector, at Richmond. This proof convinces me that the return was actually placed in the Post Office in Richmond on March 15, 1947.

Testimony introduced by the Government shows that the return was actually received in the Collector's Office in Richmond on March 20, 1947. While no one was able to testify as to the actual receipt of the return, it was shown that the practice of the office of the Collector at

that time was to separate the mail received in the period around March 15 according to the date on which it came into the office and to mark the various bundles of mail with the date of receipt. Later when the envelopes were opened each return was stamped as received on the date corresponding to that shown. The receipt stamp of the Collector shows that this return was received on March 20, 1947. The evidence causes me to conclude that the return was actually received in the Collector's office on the last mentioned date.

The return having been made on the basis of the calendar year was required to be filed on or before the 15th day of March, 1947. Title 26, Section 53(a)(1). However, subsection (2) of the last mentioned statute provides that the Commissioner of Internal Revenue may grant a reasonable extension of time for filing returns under the rules and regulations approved by the Secretary of the Treasury and it was testified that for the specific year in question a return received on March 20 was regarded administratively as being filed within the time limit. It might be remarked in passing that the terms "make" and "filed" as used in the statute appear to have been considered as synonymous. See also Wampler v. Snyder, infra.

As previously mentioned, the indictment charges the defendant with an attempt to defeat and evade a part of the tax by "filing and causing to be filed * * * a false and fraudulent income tax return". Title 26, § 145(b) makes it an offense to wilfully attempt in any manner to evade or defeat any tax. Since the alleged fraudulent act is the filing and causing to be filed, it is necessary to first determine whether the return was filed on March 15, when mailed, or within a time thereafter prior to March 20, or on March 20, when received at the Collector's office. If filed prior to March 20, 1947, the statute of limitations is applicable unless the absence of the defendant from the District for a short period in 1947, later referred to herein, would suspend its operation.

It is the contention of the defendant that the act of filing was complete when the return was mailed, while the Government contends that there was no filing until the return was received.

The defendant relies upon Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418. From a careful examination of that case it is my conclusion that it does not support this contention. While the Court, by way of illustration, refers to a number of acts which may constitute a fraudulent attempt to evade the payment of taxes, as I understand the opinion the question decided was whether there must be an act of commission rather than of omission to make the offense there charged a felony. It is to be remembered that the offense here charged is an act of commission, namely, filing or causing to be filed.

There are a number of cases which appear in point. In United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 509, 60 L.Ed. 897, the defendant was required to file with the Commissioner of Immigration a statement or report under what is known as the White Slave Traffic Act, 18 U.S.C.A. § 2421 et seq. The office of the Commissioner General of Immigration was in Washington, D. C. An indictment was returned in the District Court of the United States for the Western District of the State of Washington, 228 F. 980, charging the defendant with failure to file the return as required by statute, the acts making such return or report necessary having occurred in the City of Seattle, Washington. The District Court sustained a demurrer, one of the grounds being that the Court was without jurisdiction because the offense was not committed in the District in which the indictment was found. The Supreme Court, in affirming the action of the District Court, limited its consideration of the appeal to the action of the District Court relative to jurisdiction. The following language of the District Court was quoted with approval by the Supreme Court:

"'Filing, it must be observed, is not complete until the document is

delivered and received. "Shall file" means to deliver to the office, and not send through the United States mails. * * * A paper is filed when it is delivered to the proper official and by him received and filed. * * * Anything short of delivery would leave the filing a disputable fact, and that would not be consistent with the spirit of the act.' "

In Wampler v. Snyder, 62 App.D.C. 215, 66 F.2d 195, 196, the Court of Appeals for the District of Columbia had before it, in a habeas corpus proceeding, the contention that the District Court of Maryland was without jurisdiction in a case involving an indictment returned in that District, charging an attempt to evade payment of taxes by filing a false return with the Collector of Internal Revenue at Baltimore because the petitioner had placed his return in the United States mail in Washington for delivery in Baltimore and therefore any offense committed occurred in the District of Columbia. The statute required residents of the District of Columbia to make tax returns to the Collector in Baltimore. In disposing of the question the Court said:

"The words 'shall be made,' as used in the statute, are the equivalent of 'shall be filed,' and to file a paper is to deliver it at the place where it is to be lodged and kept. When the mails are utilized for this purpose, the filing takes places upon delivery at the office of the official required to receive it." Citing United States v. Lombardo, supra, and cases cited.

In Bowles v. United States, 4 Cir., 73 F.2d 772, 774, an indictment was returned in the District of Maryland, containing four counts, charging the defendant who was a resident of the District of Columbia, under the first count with failure to make an income tax return for the year 1930, under the second count with attempting to evade payment of tax for that year by failing to make a return, and under the third and fourth counts with a wilful attempt to defeat and evade payment of tax for 1931 by filing a false and fraudulent return. Thus it will be seen that the first two counts charge acts of omission and the remaining counts charge acts of commission. It was conceded that the defendant was not personally in the State of Maryland at any time relative to the counts charging failure to file returns and that the return which was filed was prepared and filed with the person in charge of the local or branch office of the Collector situated in the City of Washington and in due course transmitted to the principal office at Baltimore.

The Court said:

"The defendant being a resident of the District of Columbia, it became his duty to make his income tax return to the Collector at Baltimore, Md., and failure to make such return constituted an offense within the District of Maryland." Citing United States v. Lombardo, supra.

In dealing with the acts of commission the Court said:

"The crime charged in the third and fourth counts was the filing of a false return. The offense was committed at the place where the filing took place upon delivery at the office of the Collector in Baltimore. Wampler v. Snyder, 62 App.D.C. 215, 66 F.2d 195.

"The offenses having been committed in the state of Maryland where the Collector's office is located and where the return should be filed, it follows that the District Court of the United States for the District of Maryland had jurisdiction of the offenses charged."

Reass v. United States, 4 Cir., 99 F.2d 752, 755 involved the question as to whether venue was properly laid in West Virginia or in Pennsylvania. The indictment which was returned in West Virginia charged the defendant with knowingly making false statements concerning an application for a loan from the Federal Home Loan Bank. The

facts were that the defendant prepared certain statements in West Virginia and took them in person to Pittsburgh where they were filed in accordance with requirements then in effect. The Court used the following language:

"The mere assembling of the material and its arrangement in a written composition containing the misrepresentations of fact can have no effect, and it is only when they are communicated to the lending bank that the crime takes place. It follows that the acts performed by the defendant in Wheeling, although preparatory to the commission of the crime, were no part of the crime itself. That took place entirely in Pittsburg where the writing previously prepared was presented to the bank."

It is true that the Court expressly stated that it had no occasion to consider whether the offense would have been cognizable in West Virginia if the applications had been sent from there by mail.

In United States v. Newton, D.C., 68 F.Supp. 952, 954, Judge Barksdale had for consideration the jurisdiction of the Court for the Western District of Virginia in a prosecution against a resident of Danville who was charged with aiding, assisting, advising, etc., in the preparation of a fraudulent claim based upon amended income tax returns. Since the office of the Collector of Internal Revenue for the District of Virginia is located at Richmond in the Eastern District, the defendant contended that the Court for the Western District was without jurisdiction upon the theory that the crime, if any, was committed in the Eastern District, at Richmond, where the returns and claims were filed. The Court pointed out that the defendant was not charged with filing or presenting the claim and in discussing what constitutes filing, used the following language:

"However, in my opinion, the fact of the filing or presentation of the false claim with the Collector, is an essential element of the crime in the sense that the filing or presentation by somebody is a necessary element of proof, because the document does not become a claim or return until so filed."

And further:

" * * * no matter how formally and completely a fraudulent document might be prepared, it would not be a 'return' or 'claim' unless and until it were filed with, or presented to, a Governmental official such as a Collector of Internal Revenue." Affirmed 4 Cir., 162 F.2d 795.

■■■ Oppenheimer v. Commissioner, 16 T.C. 515, lays down a principle with respect of liability of a taxpayer to a penalty for failure to file a timely return. Considering the well nigh universal use of the mails in connection with business affairs, including filing the multitudinous reports and returns required by various governmental agencies, the rule there announced is clearly sound. However, it is to be remembered the rules of evidence applicable in civil cases apply there. The case now before this Court is a criminal prosecution. Every element of the offense must be proved, including the act of filing. While the statute requires that return be made on March 15, as previously pointed out the Commissioner may extend that time. In this instance a blanket extension was granted. In any event, the fact that a return was not filed at the required time does not nullify the return.

■ It is my conclusion that if an offense was committed in the case at bar the time of such commission was March 20, 1947, the date upon which the return was actually received in the office of the Collector.

Since the date of the alleged offense was March 20, 1947, the six-year statute of limitations began to run on that date and a prosecution under an indictment returned on April 9, 1953, is barred unless the period has been extended.

Title 26 U.S.C.A. § 3748, provides:

"No person shall be prosecuted, tried, or punished, for any of the various offenses arising under the internal revenue laws of the United States unless the indictment is found * * * within three years next after the commission of the offense, except that the period of limitation shall be six years * * (2) for the offense of willfully attempting in any manner to evade or defeat any tax or payment thereof, * * *."

That section further provides:

"Where a complaint is instituted before a commissioner of the United States within the period above limited, the time shall be extended until the discharge of the grand jury at its next session within the district."

The Government contends that the filing of the complaint by the United States Attorney with the Commissioner on March 20, 1953, was within the six-year period and therefore the running of the statute of limitations was tolled until the discharge of the grand jury at its next session within the District. The next session of the grand jury commenced on April 6, 1953, and was not discharged until October 5, 1953. As before stated, the indictment was returned on April 9 of that year. There is a further contention by the Government that an absence of the defendant from the District for eighteen days in 1947 suspended the running of the statute of limitations.

Thus it will be seen that the effect of the filing of the complaint on March 20, 1953, is vital to the Government's case. Title 18 U.S.C.A. § 3045, provides for issuance by United States Commissioners of warrants for arrest for violations of Internal Revenue laws upon the complaints of certain persons, including a United States Attorney. Rule 4 of Federal Rules of Criminal Procedure concerning the issuance of a warrant or summons provides, in part:

"Upon the request of the attorney for the government a summons instead of a warrant shall issue."

The defendant attacks the complaint upon the ground that it was filed by the United States Attorney on instructions from the Department of Justice and that the United States Attorney did not have sufficient personal knowledge of the alleged offense to justify the filing of the complaint and the issuance of a warrant by the Commissioner, and further that no warrant was issued as required by law.

At the hearing A. Carter Whitehead, Esquire, who was United States Attorney at the time and who has since resigned, appeared in response to a subpoena and testified that he filed the complaint and he had personal knowledge of the facts stated in the complaint concerning the alleged offense. He further stated in general terms the source and manner in which he had acquired that knowledge. He was not examined in detail regarding the facts in his possession by either Government counsel or the defense. No evidence contradicting his testimony was offered.

The Commissioner testified that the United States Attorney presented to him the written complaint and verified the facts there stated under oath. The Commissioner did not question the United States Attorney and held no hearing before issuing the summons. He stated further that the summons, instead of a warrant, was issued at the request of the United States Attorney.

At the hearing it was argued by counsel for the defendant that since the information in possession of the United States Attorney was not stated orally and in detail to the Commissioner at the time the complaint was filed, the issuance of a warrant was not justified. Rule 4 of the Rules of Criminal Procedure provides, in part:

"If it appears from the complaint that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the ar-

**116**

rest of the defendant shall issue to any officer authorized by law to execute it."

The summons was issued on the complaint in this case and under the rule laid down in the case of Gracie v. United States, infra, I think this sufficient.

■ I find that under the facts here shown the United States Attorney had sufficient knowledge of the alleged offense to justify him in filing the complaint and the Commissioner was justified in issuing the summons. This ruling is not in conflict with United States v. Langsdale, D.C., 115 F.Supp. 489. There the evidence reveals that the United States Attorney was not possessed of sufficient knowledge of the facts to justify filing the complaint. I concur in the principles announced in the Langsdale case and nothing here said is to be construed as approval of filing a complaint without sufficient knowledge of the facts.

■ Under the facts of this case there was no violation of the defendant's rights under the Fourth and Fifth Amendments of the Constitution of the United States. Rule 4, previously quoted, so clearly provides for the issuance of a summons instead of a warrant at the request of the Attorney for the Government, as was done in this case, I do not consider it necessary to discuss the point further. It is clear that the substitution of the summons caused no hardship to the defendant. The warrant directs his arrest. The summons merely directs his appearance before a Commissioner. Probable cause supported by oath justified the issuance of a warrant. It also justified the issuance of a summons.

■ Aside from the foregoing considerations a complaint and the action of the Commissioner thereon are prima facie valid. The burden of showing invalidity rests upon the defendant. See Gracie v. United States, 1 Cir., 15 F.2d 644.

■ It follows that the statute of limitations was extended by the filing of the complaint and it is unnecessary to dispose of the Government's contention concerning the defendant's absence from the District for approximately eighteen days in 1947.

An order may be prepared by the United States Attorney overruling the motion and after endorsement by counsel for defendant presented for entry.