UNITED STATES of America,

v.

**George B. MAHLER, Sam Moskowitz and Irving Elins, Defendants.**

**Cr. No. 156–341.**

United States District Court
S. D. New York.

March 10, 1960.

---

S. Hazard Gillespie, Jr., U. S. Atty., New York City, for the United States, Herbert F. Roth, Asst. U. S. Atty., of counsel.

Edward S. Friedland, New York City, for defendant Sam Moskowitz.

Thomas F. Burchill, Jr., New York City, for defendant George B. Mahler.

Jean C. Wittner, New York City, for defendant Irving Elins.

WEINFELD, District Judge.

The defendants move to dismiss the first and third counts of the indictment on the ground that prosecution is time barred under the applicable statute of limitations.[1]

The first count charges the defendant Mahler with willful tax evasion with respect to his and his wife's 1951 return.[2] The codefendants are charged with aiding and abetting.

The third count, which charges a conspiracy by the defendant and his two codefendants to violate 26 U.S.C. § 145 (b), alleges, as one of the overt acts, the filing of the 1951 return, the subject of the first count.

The return in question was due no later than March 15, 1952, but an extension to file had been granted to September 15, 1952. According to the defendants, the return was executed and mailed to the District Director on September 15, 1952. The Government contends that the return was not received at the District Director's office until September 17, 1952. The indictment was returned by the Grand Jury on September 16, 1958.

The defendants' motion that prosecution is time barred rests essentially upon

---

1. 26 U.S.C.A. § 3748 (1939 Code) now 26 U.S.C.A. § 6531 (1954 Code): "No person shall be prosecuted * * * unless the indictment is found * * * within [six] years next after the commission of the offense * * *." The prosecution here is governed by the Internal Revenue Code of 1939.

2. The indictment charges a violation of 26 U.S.C. § 145(b) (1939 Code).

the claim that the date of mailing of an executed false return is the date of commission of the crime charged and that the limitation period commences on that day.

Since both the date of mailing of the return and the date of its receipt by the Internal Revenue Service were in dispute, the Court took testimony on this issue. The Court finds that the return was mailed to the District Director on September 15, 1952. It also finds that it was received in the office of the District Director on September 16, 1952.[3]

Against the foregoing factual determination, we consider the two issues presented by the defendants' motion: (1) whether the date of mailing of the return or the date of its receipt by the District Director [4] governs—more precisely, whether the offense charged was committed on September 15, 1952, when the return was mailed, or on September 16, 1952, when it was actually received by the District Director; and (2) whether the date of the commission of the offense is to be considered a part of the limitation period.

Section 53 of the Internal Revenue Code of 1939 provides:

"Time and place for filing returns.

(a) Time for filing

(1) General rule. Returns made on the basis of the calendar year shall be made on or before the fifteenth day of March following the close of the calendar year.

\*     \*     \*     \*     \*     \*

(b) To whom return made

(1) Individuals. Returns \* \* \* shall be made to the collector for the district in which is located the legal residence \* \* \* of the person making the return \* \* \*."

The defendants emphasize that the above provision imposes no obligation upon the taxpayer to "file" a return. They urge that the sole statutory requirement is that a return be "made" and, from this premise, they reason that when executed by the taxpayer and mailed off, the return is "made" to the Director of Internal Revenue, and that "the offense is committed when the irrevocable false statement is made to the Director of Internal Revenue in any manner whatsoever."

This is a rather strained construction of the statute and finds no support either in reason or in authority. It is a variation of a contention made and rejected in a number of cases where defendants sought to avoid prosecution in the district where a return was actually filed, urging that only the district of mailing had jurisdiction over the crime charged.[5] The explicit requirement of the statute is that the return "shall be made" to the collector. This requires in substance not only the due execution of the return by the taxpayer, but its due delivery to the tax collector. The fact that for the convenience of the taxpayer returns may be mailed does not diminish the duty. The mere execution without delivery to the collector is no more an effective making of a return under law than mere ex-

3. Upon the conclusion of the hearing, the Court found that the tax return had been received on September 17, 1952. However, thereafter on the basis of permission previously granted, defendants' counsel submitted a photostat of the New York State return which the Court finds had been mailed to Albany, New York, at the same time that the federal return in question had been mailed to the District Director in New York City. Both returns were mailed to New York City. The official stamp on the state return indicates it was received and filed in Albany on September 16. This fact, coupled with the unexplained failure to produce the original envelope, which, under normal circumstances, would have been retained and attached to the federal return, led the Court to revise its original finding as to the date of actual receipt.

4. In 1952 "all functions relating to the assessment and collection of taxes" were transferred from the Office of the Collector of Internal Revenue for the Third Collection District of New York to the Director of Internal Revenue, Upper Manhattan. Commissioner's Reorganization Order No. NYC–1, June 23, 1952, 4 CCH 1953 Fed.Tax Rep. ¶ 3562.

5. See cases cited in note 7 infra.

ecution of a deed is effective delivery by its grantor. Moreover, if a mailed return miscarried and had never been delivered to the tax official, under the claim here advanced, it would mean that the time for prosecution was running against the Government, even though it was without notice of a fraudulent return. The very concept of a limitation provision carries with it notice to the party against whom the time is running.

 The lack of substance to the defendants' contention is apparent from subdivision (2) of section 53(a) which empowers the Commissioner to grant reasonable extensions "for filing returns."[6] This authorization leaves no room to doubt that the requirement that returns referred to in section 53(a) (1) "shall be made" means "shall be filed" in the office of the designated official. Such has been the consistent holding by those courts which have considered the matter.[7]

With equal consistency, the courts have held that mailing is not filing and that the filing occurs upon delivery to the office of the tax collector.[8]

Accordingly, the Court holds that the offense charged in the indictment was committed on September 16, 1952, the date of the actual receipt of the return by the District Director.

Defendants' further contention that the day on which the return was filed should be included in computing the limitation period is also without substance. The issue has been authoritatively resolved. The general rule is that the day of the offense or act is excluded[9]

and the day on which the indictment is filed is included. This rule of long standing has been codified in Rule 45(a) of the Federal Rules of Criminal Procedure, which in material part provides:

> "(a) Computation. In computing any period of time the day of the act or event after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included * * *."

So measured, the statutory period commenced on September 17, 1952, and September 16, 1958, the date of the filing of the indictment, was within the limitation period and hence the prosecution was timely commenced.

The motion is denied.

---

6. 26 U.S.C.A. § 53(a) (2) (1939 Code): "Extension of time. The Commissioner may grant a reasonable extension of time for filing returns * * *."

  Cf. J. E. Riley Investment Co. v. Commissioner, 1940, 311 U.S. 55, 58, 61 S.Ct. 95, 85 L.Ed. 36.

7. Wampler v. Snyder, 1933, 62 App.D.C. 215, 66 F.2d 195; Bowles v. United States, 4 Cir., 1934, 73 F.2d 772, 774, certiorari denied, 1935, 294 U.S. 710, 55 S.Ct. 506, 79 L.Ed. 1245; United States v. De Hardit, D.C.E.D.Va.1954, 120 F.

Supp. 110, affirmed 4 Cir., 224 F.2d 673, certiorari denied, 1955, 350 U.S. 863, 76 S.Ct. 105, 100 L.Ed. 765.

8. Ibid. See also United States v. Mathis, D.C.N.J.1939, 28 F.Supp. 582; Wiggins v. United States, 9 Cir., 64 F.2d 950, certiorari denied, 1933, 290 U.S. 657, 54 S. Ct. 72, 78 L.Ed. 569.

9. Burnet v. Willingham Loan & Trust Co., 1931, 282 U.S. 437, 51 S.Ct. 185, 75 L. Ed. 448; Wiggins v. United States, 9 Cir., 64 F.2d 950, certiorari denied, 1933, 290 U.S. 657, 54 S.Ct. 72, 78 L.Ed. 569.