**UNITED STATES of America**

v.

**Joseph J. STELLA, Fred C. Stella, Roger C. Capozzi, Sr. a/k/a "Roy Conway," and Joseph A. Pontarelli, Defendants.**

**No. 90 Cr. 95 (CSH).**

United States District Court, S.D. New York.

Sept. 19, 1990.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., Jess Fardella, Asst. U.S. Atty., New York City, for U.S.

Nathaniel H. Ackerman, New York City, for defendant Joseph J. Stella.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Defendant Joseph A. Pontarelli has moved to dismiss Counts Ten and Eleven of the indictment in the above captioned case on the grounds that the government failed to obtain the indictment before the applicable statute of limitations period had expired. Those counts allege violations of 26 U.S.C. §§ 7206(1) and 7201 respectively. For the reasons discussed below, this motion is denied.

## BACKGROUND

Defendant's motion contains Pontarelli's 1981 federal tax return (the "1981 return"), which defendant admits bears a "Received" stamp dated February 21, 1984. Affidavit of Michael Rosen ¶ 3 ("Rosen Aff."). Defendant's attorney states that his investigation shows that the 1981 return was filed before February 21, 1984. Id. at ¶ 4. Defendant argues that if the 1981 return was received before February 21, 1984, the indictment in this case on February 21, 1990 falls outside the six year statute of limitations applicable to this case under 26 U.S.C. § 6531. Defendant's attorney does not specify his investigation nor detail what he means by "filed." Rosen does point out

that Pontarelli's 1981 and 1982 returns do bear different preparation dates, September 14, 1982 and February 3, 1984, respectively, and yet bear the same "Received" stamp of February 21, 1984. Rosen Aff. ¶ 3. Rosen notes that his client's 1982 return is accompanied by an envelope post-marked February 16, 1984 and that the 1981 return is not accompanied by a postmarked envelope. Id. at ¶ 3–4. Since Monday, February 20, 1984 was Washington's Birthday, a federal holiday, defendant contends the return could have been physically at the Internal Revenue Service Processing Center since the Saturday before, February 18, 1984.

The government has presented an affidavit by Special Agent Gary Maeurer of the Internal Revenue Service ("I.R.S.") who has investigated the practices at the I.R.S. Brookhaven Service Center in Holtsville, New York, where defendant's 1981 and 1982 returns were received. Agent Maeurer reports that it is standard practice to stamp a return with a "Received" stamp on the day it is delivered if it is a business day and on the next business day if it is delivered on a non-business day. The I.R.S. does not keep a record of mail received on a non-business day. Affidavit of Gary Maeurer ¶ 1 ("Maeurer Aff."). In addition, it is standard practice to attach the envelope in which a return is received to the return itself and to stamp the date the envelope was postmarked on the back of the second return if two returns are included in the same envelope. Id. The government states that Pontarelli's 1981 return bears a stamp on the back stating "envelope postmarked February 16, 1984." Letter of Assistant United States Attorney Jess Fardella dated September 14, 1990 at 2.

At a conference in this case on September 17, 1990, Rosen reported that in examining the original 1981 and 1982 returns at the United States Attorney's office he had observed that the two returns could not both fit into the regular sized letter envelope attached to the 1982 return. Assistant United States Attorney Jess Fardella acknowledged that the envelope attached to the 1982 return is indeed a regular sized

letter envelope, although I do not understand him to concede that both returns could not fit into it.

## DISCUSSION

■ The February 21, 1984 stamp on the 1981 return is proof of the receipt of the 1981 return by the I.R.S. on February 21, 1984. The defendant does not dispute that the 1981 return bears a stamp reading "Received February 21, 1984." Rosen Aff. ¶ 3. While defendant's attorney has made vague references to the 1981 return not being stamped on that date and argues that the date stamp not be the focus of inquiry, he has made no allegation which tends to support his theory that the return was not stamped on that date. The government states, and I accept, that it was the standard practice of the I.R.S. to stamp returns on the day of their receipt or on the first business day after their receipt if received on a non-business day. Mauerer Aff. ¶ 1. While the stamp itself is hearsay, Maeurer's affidavit is that of a qualified witness informing the court of a practice of keeping business records. Fed.R.Evid. 803(6). Furthermore, evidence of an organization's routine practice is relevant to prove that its conduct on a particular occasion conformed to the practice. Fed.R.Evid. 406. I conclude that on February 21, 1984 the I.R.S. received and stamped the 1981 and 1982 returns as part of its ordinary course of business practice.

The filing of the 1981 return on February 21, 1984 brings the indictment in this case within the applicable statute of limitations period. The "commission of the offense" under 26 U.S.C. §§ 7206(1) and 7206 is making and subscribing to a false tax return while § 7201 prohibits tax evasion. The Supreme Court has held that the commission of the crime is the filing of a false return. *United States v. Habig,* 390 U.S. 222, 88 S.Ct. 926, 19 L.Ed.2d 1055 (1968). The applicable statute of limitations is six years. 26 U.S.C. § 6531(1), (5). A return is filed when it is received by the I.R.S. Service Center. *U.S. v. Matis,* 476 F.Supp. 1287, 1293 (S.D.N.Y.1979). The 1981 return was opened and stamped on February 21, 1984 and so was presumptively filed on

that date. The indictment in this case on February 21, 1990 was timely because the 1981 return was filed on February 21, 1984, exactly six years before the indictment. In calculating the statute of limitations period, the court does not count the day of the offense and does count the last day of the period. Fed.R.Crim.P. 45(a).

■ Rosen's contentions about the 1981 return being "filed" or "received" on a date different than February 21, 1984 are not enough to warrant an evidentiary hearing. The government has put forward a reasonable explanation for why one return would have an envelope attached and one would not, namely that the 1981 and 1982 returns were mailed together. Rosen's contention that his examination of the returns indicates they would not be able to fit into the envelope attached to the 1982 return is interesting but is irrelevant without more. While Rosen has suggested numerous possible problems with the filing of the return, *i.e.* that the 1981 return could have been in an I.R.S. official's in-box without being stamped or that the two returns cannot have been mailed in the same envelope, he has not provided the court with an affidavit from the defendant or the defendant's tax preparer or anyone else to provide an alternative explanation of the facts before the court. Rosen has stated to the court that he has raised these questions so that the court will order an evidentiary hearing. Defendant is not entitled to such an evidentiary hearing until he has come forward with evidence to support his contentions. *United States v. Abrahams,* 493 F.Supp. 296, 305 (S.D.N.Y.1980).

To hold that the receipt of the 1981 return at the Brookhaven Service Center on a weekend day prior to the day it was opened and stamped constituted the filing of the return would frustrate the intent of a statute of limitations. Defendant's attorney contends that the 1981 return could have been delivered by the post office to the Brookhaven Service Center on Saturday, February 18, 1990 and been present in the Service Center over the holiday weekend and before it was opened and stamped on

February 21, 1984. This court has held that the offense is committed on "the date of the actual receipt of the return" by the I.R.S., and not on the earlier date of mailing. *United States v. Mahler*, 181 F.Supp. 900, 903 (S.D.N.Y.1960) (Weinfeld, J.). As the *Mahler* opinion noted, the statute of limitations is a notice statute. Applying *Mahler* by analogy, I decline to hold that the statute of limitations began running on February 18, 1984, assuming delivery on that date, when the I.R.S. did not have a chance to learn of the alleged violation of the statute until it opened its mail in the ordinary course of business on Tuesday, February 21, 1984, the next business day. As noted, defendant offers no proof of an earlier mailing from which an earlier receipt might be inferred.

### ORDER

Defendant's motion to dismiss Counts Ten and Eleven of the indictment is hereby denied.

SO ORDERED.