

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2009

# Joseph Luparella v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1666

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Joseph Luparella v. USA" (2009). *2009 Decisions.* Paper 1218.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1218

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-1666

———————

JOSEPH LUPARELLA,

Appellant

v.

UNITED STATES OF AMERICA

———————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 06-cv-01360)
District Judge: Honorable Susan D. Wigenton

———————

Submitted Under Third Circuit LAR 34.1(a)
May 11, 2009

Before: AMBRO, ROTH and ALARCÓN[*], Circuit Judges

(Opinion filed: June 8, 2009)

———————

OPINION

———————

AMBRO, Circuit Judge

———————

[*]Honorable Arthur L. Alarcón, Senior United States Circuit Judge for the Ninth
Circuit Court of Appeals, sitting by designation.

Joseph Luparella appeals from an order of the United States District Court for the District of New Jersey denying his *pro se* habeas corpus motion to vacate, set aside, or correct his sentence. For the reasons that follow, we affirm that denial.

Luparella was convicted of conspiring to defraud the United States (Count 1), assisting in the preparation of a false tax return (Count 2), and two counts of perjury (Counts 3 and 4). He was sentenced to concurrent 46-month terms of imprisonment for Counts 1, 3, and 4, and to a concurrent 36-month term of imprisonment for Count 2. He filed a *pro se* petition for *habeas corpus* seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds that he had been convicted in violation of the Double Jeopardy Clause, that he was denied proper medical treatment while incarcerated, and that his counsel acted ineffectively in refusing to allow him to testify at trial. He subsequently sought leave to file an amended *pro se* petition alleging, *inter alia,* that his counsel also was ineffective for failing to object to the admission of untimely tax returns.

The District Court issued an order denying two of the claims in Luparella's initial petition,[1] and held an evidentiary hearing on the remaining claim that his counsel was ineffective for refusing to allow him to testify at trial. At that hearing, Luparella testified

---

[1] The Court denied Luparella's claims that he had been convicted in violation of the Double Jeopardy Clause, and that he was denied proper medical treatment while incarcerated. In its order, the District Court also appointed counsel for Luparella, who has represented him in this appeal.

as to the ineffective assistance of counsel claim raised in his amended petition. The Court subsequently granted Luparella's motion to amend, and denied and dismissed with prejudice both ineffective assistance claims.  On request to our Court, we issued a certificate of appealability concerning the ineffective assistance claim limited to trial counsel allowing "the use of time-barred tax returns in connection with [Luparella's] prosecution."[2]

The standard of review for ineffective assistance of counsel is a familiar one.  It occurs when an attorney's performance falls below "an objective standard of reasonableness," and there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984).  A petitioner has the burden of showing (1) his counsel's performance was deficient and (2) he was prejudiced by it.  *Id.*  We apply a "strong presumption that counsel's performance falls within the 'wide range of professional assistance,' [and] the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison,* 477 U.S. 365, 381 (1986) (quoting *Strickland,* 466 U.S. at 688-89).  We evaluate the reasonableness of

---

[2] The District Court exercised jurisdiction over Luparella's *habeas* petition pursuant to 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). *United States v. Lilly,* 536 F.3d 190, 195 (3d Cir. 2008).  Our review of a district court's legal conclusions is plenary, and we apply a clearly erroneous standard to the court's factual findings.  *Id.*

counsel's performance "from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Id.*

Count 1 of the Indictment charges Luparella with conspiracy to prepare false tax returns, and alleges that the conspiracy was ongoing from as early as June 1994 through early March 1997.  Luparella asserts that since the Indictment was returned on September 25, 2002, any tax returns executed before September 25,1996 fell outside the statute of limitations.  He argues that his trial counsel acted ineffectively by failing to object to the admission of these returns.

In the case of a continuing conspiracy, it is well-established that the statute of limitations runs "only from the time of the last overt act."  *United States v. Johnson,* 165 F.2d 42, 45 (3d Cir. 1948).  Acts that occur outside of the statute of limitations period may be included as overt acts "to show the existence and continuance of the conspiracy even though there could have been no prosecution for any substantive offense charged as an overt act."  *Id.*   In *Johnson,* we noted that overt acts spanning the course of 14 years were properly considered, even though the statute of limitations for the prosecution was only three years.  Likewise in this case, the returns prepared by Luparella prior to September 25, 1996 were admissible for the purpose of demonstrating the length of the conspiracy, even though they could not have been charged as separate substantive offenses.  In this context, Luparella's counsel could have reasonably concluded that any objection would be unsuccessful.  *See Albrecht v. Horn,* 485 F.3d 103, 137 (3d Cir.

4

2007).  Thus, his performance was not deficient and Luparella fails to meet the first prong of the *Strickland* analysis.

Luparella also fails to make the required showing of prejudice.  He contends that the prosecution introduced little evidence against him other than the allegedly time-barred returns, and that in the absence of this evidence the jury may have determined that he took no overt acts within the limitations period.  His claim is contradicted by the record, which indicates that the prosecution introduced the following evidence to show that the conspiracy continued until March 4, 1997: (1) draft tax returns dated March 7, 1997, prepared by Luparella's company; (2) a chart prepared in part by Luparella in late 1996 or early 1997 indicating the false tax information he intended to report for the year 1996; and (3) testimony from the treasurer of Luparella's company indicating that he assisted in the preparation of false W-2 forms until early 1997.  Luparella questions the persuasive value of this evidence,[3] but he does not allege that it was improperly admitted.  As the prosecution properly introduced evidence that Luparella took at least one overt act within the statute of limitations, Luparella cannot show that, but-for the admission of the older tax returns, the outcome of his trial would have been different.

---

[3]He questions the weight of the "draft tax returns" because they only contain information automatically generated by computer software.  Although this particular piece of evidence may have had relatively little probative value, the sum of the evidence – particularly the testimony of the company's former treasurer – provided sufficient grounds for the jury reasonably to conclude that the conspiracy continued past September 25, 2006.

Luparella also contends that his trial counsel was ineffective for failing to object to the admission of the return at issue in Count 2,[4] and for failing to move to dismiss Count 2 as untimely. This Count charges Luparella with assisting in the preparation of a false tax return in violation of 26 U.S.C. § 7206(2), and states in relevant part that Luparella signed the false tax return "on or about September 24, 1996." The Indictment further states that the false tax return was filed with the Internal Revenue Service "on or about October 2, 1996."

Luparella argues that a tax return is "filed" on the date it is mailed, and insists that his tax return was mailed on the date it was signed, September 25, 1996. Since the Indictment was not returned until September 25, 2002, he contends that it is untimely by one day, and that his counsel was ineffective for failing to object to the admissibility of the tax return and for failing to move to strike Count 2 as untimely.

We are not persuaded. This is because Luparella has offered no relevant support for his assertion that a tax return is considered "filed" for statute of limitations purposes on the date it is mailed. He cites to 26 U.S.C. § 7502, which states that "[t]imely mailing

_____

[4]The Government asserts that this issue is not properly before us because it is not encompassed in the certificate of appealability or, in the alternative, because Luparella defaulted on this claim by not raising it before the District Court. As noted, a certificate of appealability was granted "with respect to Appellant's claim related to the use of time-barred tax returns in connection with his prosecution." This language is broad enough to include Luparella's claim. It is true that Luparella did not specifically refer to Count 2 in his amended petition, but we nonetheless exercise review over this issue because we find that his *pro se* petition "in essence" made a proper claim for relief. *United States v. Garth,* 188 F.3d 99, 108 (3d Cir. 1999).

[is] treated as timely filing and paying" for the purposes of *processing* a tax return. This provision does not speak to when the statute of limitations begins to run for a charge of criminal tax fraud.[5]

Further, even if Luparella's legal argument had legal support, he has provided no evidentiary support for the assertion that his return was mailed on the date it was signed. In the absence of such support, his assertion is unconvincing, particularly since the IRS did not receive the tax return until October 2, 1996 – six postal days after Luparella allegedly mailed the return.

The record does not disclose trial counsel's actual strategy, so we consider whether any sound strategy could have supported Luparella's counsel's actions. *Thomas v. Varner,* 428 F.3d 491 (3d Cir. 2005). In this case, counsel could have reasonably concluded that any objection would be denied based on relevant caselaw and that in any event it lacked factual support.

\* \* \* \* \*

Luparella has failed to make the required showing that his counsel's performance

---

[5]Although we do not reach the merits of this issue, we note that the Government's position – that the statute of limitations begins to run on the date the return is filed with the IRS (which is also the date of receipt by the IRS service center) – finds support in caselaw. *See United States v. Matis,* 476 F.Supp. 1287, 1293 (S.D.N.Y. 1979) (noting that the statute of limitations began to run in a tax fraud case on the date the return was received by the IRS); *United States v. Stella,* 745 F. Supp. 195, 197 (S.D.N.Y. 1990) (stating that the date of the "receipt" stamp by the IRS indicates the date at which the receipt was filed, and begins the statute of limitations for a tax fraud prosecution).

was deficient, and has also not shown that, had counsel objected, there is a reasonable probability that the jury's outcome would have been different. Accordingly, he is not entitled to relief. We thus affirm the judgment of the District Court.